PETER F. MYERS v. JERRY T. HANSBROUGH, Public Administrator in Charge of Estate of MARGARET R. MYERS, Deceased, and JERRY T. HANSBROUGH, Appellants.

**Division One, March 28, 1907.**

1. **CURTESY: Wife's Debts: Statute.** The estate of curtesy in his wife's lands does not come to the husband at her death burdened with her debts. The administrator of her estate is not entitled to the possession of the lands as against her husband under the statute which authorizes the administrator, when so directed by the probate court, to take possession of the lands belonging to decedent and rent them for the payment of decedent's debts.

2. ————: ————: **Before and After Married Woman's Act.** Estate by the curtesy is not a creation of the statute; it is created by the common law. Curtesy initiate becomes a vested interest as soon as it attaches to the wife's estate. Under the Married Woman's Act (sec. 6869, R. S. 1889; sec. 4340, R. S. 1899), a married woman's real estate is her separate estate, and she is given the sole right to its possession, its rents and profits. The husband is thereby deprived of his common law right to the possession during the coverture, and to that extent his curtesy initiate is impaired, but it is not destroyed, and upon her death it becomes consummate; that is the law as to the real estate acquired by the wife after the statute was enacted and as to the rights of a husband married after that date. But the statute is not retrospective, and where the mar-

riage occurred and the wife owned the lands before the enact-
ment of the statute the husband's curtesy rights are as they
were at common law. That statute goes no further than to
take away from the husband his common law right to the pos-
session and usufruct of the land during the life of the wife.

3. ———: ———: **Estate That May Be Taken.** It is the estate
or interest of the debtor in the land that is liable to be taken
for the debt. If the debts are the wife's debts it is her inter-
est in her lands that may after her death be taken for their
payment, the interest that would descend to her heirs or to her
devisees had she made a will, not the husband's curtesy; which
means a right in him to the possession of her lands, consum-
mate upon her death.

4. ———: **How Created.** Estate by the curtesy, the particular
title by which the husband claims right to the possession of
the wife's land after her death, was never in the wife; it is
an interest cut out of her title, subtracted from it, not by her
leave or license, but by the arbitrary force of the law, and
is an interest that cannot be taken from him either at the
will or sufferance of the wife. If her creditor, after the estate
by the curtesy initiate was vested in the husband, obtains judg-
ment against her and sells the land in her lifetime, the pur-
chaser at the sheriff's sale obtains only what was hers, which
under the statute includes possession during her life, but he
would not acquire what was not hers, the husband's right to
the possession after her death.

5. ———: **Destruction by Statute: Dower: Wife's Debts.** The
estate by the curtesy in the husband is of the same nature,
though differing in extent and depending on different condi-
tions, as the right of the wife to dower. The General As-
sembly could make both subject to the payment of debts, but it
has not done so. The statute (sec. 4335, R. S. 1899) conferring
power on a married woman to contract debts neither expressly
nor impliedly imposes the burden of those debts on the hus-
band's estate in the lands owned by the wife.

Appeal from Hannibal Court of Common Pleas.—
Hon. D. H. Eby, Judge.

AFFIRMED.

R. E. Anderson and J. J. Henderson for appel-
lants.

(1) The respondent claims as tenant by the cur-
tesy, and the question to be determined is whether in

the face of the provisions of chapter 51 of the Revised Statutes of 1899, in which the provisions of the statutes of 1889 were. re-enacted, his rights as tenant by the curtesy vest until the debts created by the wife, such as funeral expenses, borrowed money and taxes, have been paid. Appellant insists that it does not and to hold otherwise would be to render the provisions of section 4335 of the act providing that she may contract, and be contracted with, sue and be sued, and to enforce, and have enforced against her property such judgments as may be rendered for or against her, meaningless. (2) It is well settled in this State that a married woman, as to her separate property, is to be regarded as a *feme sole* competent to contract debts which will bind her separate property, whether it be named or referred to, or not. Miller v. Brown, 47 Mo. 504; Rosenheim v. Hartsock, 90 Mo. 357; McFarland v. Heine, 127 Mo. 327; Turner v. Shaw, 96 Mo. 28. It is conceded that the husband is entitled to curtesy in all estates of inheritance of which the wife died seized, either at law or in equity, but appellant maintains that in order that the provisions of section 4335 may have any force and effect, and not become a pitfall for honest creditors, they may have enforced against her property such judgments as may be rendered against her, and for that purpose may take possession of and rent out said property for the purpose of paying her debts, the husband's curtesy rights remaining in abeyance until her debts are paid. Rice, Stix & Co. v. Sally, 176 Mo. 107. When under section 4335 the wife was rendered *sui juris,* nothing remains of the common law rule as to curtesy until her debts are paid. Whitesides v. Cannon, 23 Mo. 457.

*Thomas H. Bacon* for respondent.

(1) The disability of the wife to devise to the prejudice of curtesy imports the exemption of consum-

mate curtesy from impairment by any *post-mortem* proceedings. R. S. 1899, sec. 4603. (2) There are many decisions fully sustaining the integrity of the common law curtesy consummate where all right of curtesy initiate is forestalled and excluded by the deed to the wife. Tremmel v. Kleiboldt, 75 Mo. 258; Soltan v. Soltan, 93 Mo. 307; McTigue v. McTigue, 116 Mo. 142; Martin v. Trail, 142 Mo. 94; Woodward v. Woodward, 148 Mo. 247; Cornwell v. Wulff, 148 Mo. 564; McBreen v. McBreen, 154 Mo. 331; Miller v. Quick, 158 Mo. 502; Casler v. Gray, 159 Mo. 588; Kennedy v. Kopman, 166 Mo. 94; Dozier v. Walsh, 180 Mo. 551. See, as to the general policy of the law: O'Brien v. Ash, 169 Mo. 283.

VALLIANT, P. J.—This is an action of ejectment. The property in question, consisting of several lots and tenements in the city of Hannibal, belonged to Margaret R. Myers, deceased, in her lifetime. She died intestate, seized and possessed of the property, January 18, 1902. Her title to the various lots was that of an absolute legal estate in fee simple; to some of the lots her title was derived before the amendment of the Married Woman's statutes in 1889 and some afterwards. She left surviving her her husband, the plaintiff, and two sons of her marriage with him.

The defendant is the public administrator of Marion county, and as such has charge of the estate of Margaret R. Myers deceased. Under an order of the probate court, made under authority of section 130, Revised Statutes 1899, the defendant has taken possession of the real estate in question for the purpose of collecting the rents for the payment of debts. That order is the sole foundation of his claim of right to the possession.

Plaintiff claims that he is entitled to possession by virtue of his estate by the curtesy.

The trial court rendered judgment for the plain-

tiff for possession, damages and costs, and the defendant appealed.

Defendant concedes that the plaintiff has an estate by the curtesy in the property and that by the common law he would be entitled to the possession, but contends that under section 4335, Revised Statutes 1899, which confers on a married woman power to contract debts as a *femme sole,* the estate derived by the husband from the wife comes to him burdened with her debts.

The error in that theory consists in assuming that the husband's estate by the curtesy is derived from the wife. The estate by the curtesy is created by the law and is as independent of the wife as is the wife's dower independent of the husband. It is dependent for its creation on certain facts, one of which is that the wife in her lifetime and during the marriage was seized of an estate of inheritance, but that fact given and the other conditions having existed, the law by its own force creates the estate.

From 12 Cyc. the following definitions are taken: "Curtesy is the estate to which by common law a man is entitled on the death of his wife, in the lands or tenements of which she was seized in possession in fee simple or in tail during their coverture, provided they had lawful issue born alive which might have been capable of inheriting the estate." [P. 1002.]

And in a note to the text it is said: "It is a freehold estate in the husband for his natural life cast upon him by operation of law immediately upon the happening of the necesary incidents."

The same author further says: "Curtesy initiate becomes a vested interest as soon as it attaches to the wife's estate, and cannot be modified or abolished by the Legislature of a State; but until it attaches it is a mere right and may be modified or destroyed. When vested, curtesy initiate is an estate in the husband for

his natural life, separate and distinct from the estate of the wife." [Id., p. 1003-4.]

And again: "On her death the surviving husband, if all other requisites have existed, becomes vested with a freehold estate known as curtesy consummate." [Id., p. 1008.]

Estate by the curtesy is not a creation of a statute, it is created by the common law. We do not find it mentioned in the writings of the common law that the estate by the curtesy is free from the burden of the wife's debts, as we do find it said that the widow takes her dower free from the husband's debts, but the reason for that is that by the common law the wife could make no debts. But the estate by the curtesy which we have is as it came to us through the common law and is affected by our statutes only as they expressly or by necessary implication affect it.

Under section 6869, Revised Statutes 1889 (now sec. 4340, R. S. 1899), a married woman's real estate is her separate estate; she is given the sole right to its possession, its rents and profits. The husband is thereby deprived of his common law right to the possession of his wife's land during coverture, and to that extent his curtesy initiate is impaired, but it is not destroyed and upon the death of the wife it becomes consummate. [Woodward v. Woodward, 148 Mo. 241; Kennedy v. Koopmann, 166 Mo. 87.] What is just said relates to real estate acquired by the wife after the statute just mentioned was enacted or to the rights of a husband married after that date. Where the marriage occurred before the enactment of that statute and the wife owned the land before that enactment, the husband's rights are as they were at common law. That statute is prospective, not retrospective in its action.

It was held before that statute was enacted that a surviving husband had an estate for life by the curtesy in land in which the wife had an equitable estate

of inheritance and of which she died possessed, although it was expressed in the deed to be to her sole use and benefit, the deed not purporting to exclude all the estate of the husband. [Tremmel v. Kleiboldt, 75 Mo. 255; Kennedy v. Koopmann, above cited.] The Married Woman's statute goes no farther than to take away from the husband his common law right to the possession and usufruct of the land during the life of the wife, it goes no further in the way of impairing his rights than do the deeds in the cases above cited. If the husband's estate by the curtesy exists in land held by the wife as her separate equitable estate in which he has no right to the possession during her life, there is no reason why it should not exist in land held by her under the terms of that statute.

But it is contended that because section 4335, Revised Statutes 1899, enables a married woman to contract debts those debts become a charge on her property and one who takes the property from her takes it *cum onere*. We should be careful not to become confused in this inquiry by the use of certain terms. Before the enactment of the Married Woman's statutes, if a married woman owned an equitable estate of which she had control, if she incurred an obligation which, but for her common law disability, would be a debt, a court of equity would make that obligation a charge on the equitable estate. In such case the court resorted to the artificial reasoning that since the married woman knew she could not at law contract a debt she must be conclusively credited with the honest intention to charge her equitable estate with the payment of her obligation. The court in such case would not give to the obligation the character of a mortgage or other specific lien, but would subject the property to the discharge of the obligation in a manner analogous to the process of law in the subjection of the property of a debtor *sui juris* to the payment of his debts. And a court of equity dealing now with a married woman's

equitable estate might perhaps still exercise that jurisdiction.

But when the statute was enacted removing the shield with which the common law had protected the married woman, dethroning the wife and mother of the family and reducing her to the common level of a man in the mart of trade and traffic, she was declared capable of contracting debts and her property was rendered amenable to process as that of any one *sui juris*. In subjecting a married woman's statutory separate estate to the payment of her debts there is no necessity for resorting to the artificial reasoning by which a court of equity declared her obligation a charge on her separate equitable estate, because now she may make a debt, and she has been endowed with the privilege of being sued and of having her property sold by the sheriff at the courthouse door under common execution. When she contracts a debt she does not thereby create a charge on her separate statutory estate any more than a man may be said by the mere contracting of a debt to create a charge on his property. The term "charge" as applied in equity in such case has no application to a wife's legal estate of which she has, under the statute, the sole and separate use. The property in the suit at bar was the wife's legal estate and is liable to be taken for her debts in the same manner that the real estate of a man is liable. But as in the case of a man so in the case of a married woman, it is the estate or interest of the debtor in the land that is liable to be taken for the debt. It is the interest that Mrs. Meyers had in this land at the time of her death that is liable to be taken for the payment of her debts, the interest that would descend to her heirs or pass to her devisees if she had made a will.

The particular title by which the plaintiff claims right to the possession of this land was never in his wife, it is an interest cut out of her title, subtracted from it, not by her leave or license, but by the arbi-

trary force of the law.  It is an interest that could not be taken from the husband either at the will or sufferance of the wife.  If a creditor of hers, after the estate by the curtesy initiate had vested in the husband, had obtained judgment against her and sold the land in her lifetime, the purchaser at the sheriff's sale would have obtained what was hers, which, under the statute, included possession during her life, but the creditor would not by such sale acquire what was not hers, what was beyond the reach of her will or sufferance.

The estate by the curtesy in the husband is of the same nature, though differing in extent and depending on some different conditions, as the right of the wife to dower; doubtless the General Assembly could make both subject to the payment of debts, but it has not done so.  When the General Assembly conferred on a married woman the power to make a will devising her lands, as if apprehensive that that power might seem to imply that she could by her will deprive her husband of his estate by the curtesy, it was expressly provided that the devise should not have that effect. [Sec. 4603, R. S. 1899.]

The statute, section 4335, Revised Statutes 1899, conferring power on a married woman to contract debts, neither expressly nor impliedly imposes the burden of those debts on the husband's estate in the lands owned by the wife.

These are the views that the learned trial judge took of this subject, and he was correct.

The judgment is affirmed.  All concur.