H. R. ENNIS et al., Respondents, v. MARY H. EAGER, Appellant.

Kansas City Court of Appeals, January 16, 1911.

1. **REAL ESTATE AGENTS:** Commission. Where a married woman, a landowner, employs an agent to procure a lessee for her real property, and the agent produces to the owner a prospective lessee, able and willing to lease the property upon the terms and conditions imposed by the owner, but she fails to obtain the signature of her husband to the lease, the agent is entitled to his commission.

2. **MARRIED WOMEN:** Separate Property. Notwithstanding the construction put upon the Married Woman's Act, and her right to convey and encumber her separate property, the courts still hold that the statute did not have the effect of depriving

the husband of his right of curtesy in his wife's property, and a lease thereon, made by the wife, without joining the husband, would not vest in the lessee a complete or merchantable title.

3. ———: ———: Issue. Because the wife had no issue born alive of the marriage, and her age being sixty-seven years and past that period in the life of a woman when they bear children, is immaterial, as the law is that so long as the marital relation continues the possibility of such issue still exists.

Appeal from Jackson Circuit Court.—*Hon. Walter A. Powell,* Judge.

AFFIRMED.

*Fyke & Snider* for appellant.

(1) It was unnecessary, to constitute a valid lease, that plaintiff's husband should join with her in the execution thereof. Secs. 4340, 4345, R. S. 1899. Under the foregoing statutes it has been held, and is, we think, well settled, that a married woman may convey her real estate without being joined in the conveyance by her husband because under the statute as to her separate estate she is a *femme sole.* Bank v. Hageluken, 165 Mo. 443. By the statute her disability was removed and her husband's marital rights swept away. Cookson v. Toale, 59 Ill. 515; Rice, Stix v. Sally, 176 Mo. 107; O'Day v. Meadows, 194 Mo. 588; Kirkpatrick v. Pease, 202 Mo. 471. (2) Plaintiffs sue upon a contract of employment, which contract was in writing and which authorized respondents as her agents, to lease the above described property, and agreed to pay respondents $500: $250 when the lease was signed and $250 in one year after date of signing, provided the lease was made on the terms and conditions mentioned in the letter of employment. (3) The respondents contend that appellant was not capable of executing a valid lease without being joined by her husband; but they also contend that she is capable, without the joinder

of her husband, of making a contract to make a lease, of employing agents for that purpose, that she may be sued, that a general personal judgment may be rendered against her and that her property may be sold to satisfy the judgment.

*A. F. Evans* for respondents.

(1) ˙ It was necessary, to constitute a valid lease, that appellant's husband should have joined with her in the execution of the lease. The husband has curtesy in the wife's separate estate in Missouri. Wilson v. Trost, 186 Mo. 311; McTigue v. McTigue, 116 Mo. 139; Woodward v. Woodward, 148 Mo. 241; Casler v. Gray, 159 Mo. 588; Donovan v. Griffith, 114 S. W. 621; Kohle v. Hobson, 114 S. W. 952; Rutledge v. Rutledge, 119 S. W. 489; Myers v. Hansbraugh, 202 Mo. 495. (2) The Act of 1905 (now sec. 2788, R. S. Mo. 1909), deals with a particular subject—the conveyance of the real estate of the wife and relinquishment by her of her dower in the real estate of her husband—and must prevail over sec. 4340, R. S. Mo. 1900 (now sec. 8309, R. S. Mo. 1909). Musick v. Railroad, 114 Mo. 309; State v. Clark, 54 Mo. 17; State ex rel. v. Bishop, 4 Mo. 16. (3) The obligation rested upon appellant to show a marketable title to the land. Birge v. Bock, 44 Mo. App. 69; Herryford v. Turner, 67 Mo. 296; Davis v. Watson, 89 Mo. App. 15; Rozier v. Graham, 146 Mo. 352.

BROADDUS, P. J.—This is a suit by plaintiff to recover of defendant his commission under a contract with defendant to procure a lessee for ninety-nine years upon certain real estate owned by her as her separate property for certain specified annual payments of rents. The contract was reduced to writing. The plaintiff negotiated with Edgar B. Giles, a responsible party, and procured him to agree, in writing endorsed on said contract, to accept a lease of the property upon the terms

and conditions set out therein, and thereafter defendant endorsed her acceptance of said lessee in writing upon said contract below the signature of said Giles.

Thereafter a formal lease was prepared which was acceptable to both defendant and Giles, which required, that as defendant was a married woman, her husband would also sign the lease. It was shown that the husband refused to execute the instrument, and Giles would not accept it without his signature. Afterwards defendant leased the property to another person on more advantageous terms. Mrs. Eager was sixty-seven years of age and had never borne any children.

The matter was submitted to the court and the finding and judgment were for the plaintiff from which defendant appealed.

The only question for decision is whether the plaintiff procured a lessee for the property upon the terms and conditions provided in the contract of employment. Under the facts the question is one of law. If defendant was obligated to tender a lease executed by herself and husband the judgment should be affirmed, otherwise the plaintiff has failed to establish his claim to compensation under the contract.

It is contended that the defendant being the owner of the property in her own right and as she could convey it without her husband joining with her in such conveyance, that her tender to the prospective lessee a lease executed by herself alone was a compliance on her part of the contract, and that therefore the plaintiff did not procure a lessee who was willing to accept a lease such as was contemplated by said contract.

Section 4340, R. S. 1899, provides that: "All real estate . . . belonging to any woman at her marriage, or which may come to her during coverture, by gift, bequest or inheritance, or by purchase with her separate money or means . . . shall, together with all increase and profits thereof, be and remain her sep-

arate property and under her sole control." It has been decided construing this statute that a married woman may convey or encumber her separate real property without her husband joining therein. [Farmers Exchange Bank v. Hageluken, 165 Mo. 443; Kirkpatrick v. Pease, 202 Mo. 471.] And it is also held that such married woman "can contract and be contracted with, entirely without exception, with her husband, just as she can with other persons." [O'Day v. Meadows, 194 Mo. 588; Rice, Stix & Co. v. Sally, 176 Mo. 107.]

Notwithstanding the construction put upon the Married Woman's Act and her right to convey or encumber her separate property the courts still hold that the statute did not have the effect of depriving the husband of his right of curtesy in such estate. [Myers v. Hansbrough, 202 Mo. 495; Donovan v. Griffith, 114 S. W. 621.]

The husband having the right of curtesy in the property in controversy, a lease made by the wife without joining the husband would not therefore affect such right. Such conclusion would inevitably follow and has been so expressed in a late decision of the St. Louis Court of Appeals. [Rutledge v. Rutledge, 119 S. W. 1. c. 491.]

As we view the case the plaintiff having procured a prospective lessee who was willing to lease the property upon the terms and conditions of the contract, it became the duty of the defendant to tender such a lease of the property as would vest in the lessee a complete or merchantable title thereto, as it cannot be said that a lease in which the husband did not join constituted such a title.

And the fact that the wife had no issue born alive of the marriage and her age being sixty-seven years and past that period in the life of woman during which they do not bear children, is immaterial as the law is that so long as the marital relation continues the possibility of

such issue still exists. [Rozier v. Graham, 146 Mo. l. c. 352.]

It follows that the judgment should be affirmed. All concur.