BRIDGET TECKENBROCK and THEODORE H. TECKENBROCK, her husband, Appellants, v. ANNA McLAUGHLIN et al.

Division Two, December 21, 1912.

1. **WILL CONTEST: Those Entitled to Sue: Husband: Curtesy Initiate.** A married woman sued alone in 1904 to set aside her mother's will upon the ground of undue influence. The will was upheld. Afterwards suit was brought by the wife and her husband, jointly, to set aside the same will upon the same ground. Issue was born of the marriage before the death of the testatrix. *Held,* that the suit is not maintainable, the hus-

band's interest by the curtesy initiate in the property of his wife acquired by descent since 1889 not being sufficient to support a will contest under Sec. 555, R. S. 1909, and the issues being *res judicata* after judgment in the first suit.

2. ———: **Res Judicata: Pleading.** The difference between an allegation of the exertion of undue influence by several and an allegation that several conspired to unduly influence the testatrix is not sufficient to remove the issues in a case from the operation of the rule of *res iudicata* when they are within the scope of the earlier litigation.

Appeal from St. Louis City Circuit Court.—*Hon. Matt G. Reynolds*, Judge.

AFFIRMED.

*Hugh D. McCorkle* for appellants.

(1) The words "any person interested in the probate of any will" are to be taken in their plain, ordinary and usual sense, and hence, any person who has a direct, legally ascertained and existing pecuniary interest either under the devolution under the will, or descent by operation of law, in the estate of a decedent such as would be impaired or defeated by the establishment or rejection of the will, is a person interested in the probate of the will. Watson v. Alderson, 146 Mo. 333; Brooks v. Paine, 90 S. W. (Ky.) 600; Mullins v. Fidelity & Dep. Co., 100 S. W. (Ky.) 256; Bloor v. Platt, 78 Oh. St. 46; State v. Lancaster, 105 S. W. 858; Myers v. Barrows, 3 O. C. D. 52; Rainey v. Ridgeway, 41 So. 632. (2) Curtesy initiate is a present existing vested estate of the husband in the lands of his wife carved out of and subtracted from her title by operation of law, and entirely independent of her title. It attaches (other conditions being present) the moment his wife inherits real estate, not through her, but it is cast upon him by operation of law. Myers v. Hansbrough, 202 Mo. 498; Robards v. Murphy, 64 Mo. App. 90. (3) Hence the husband of an heir at law is "interested" to prevent the probation of a false

will that would deprive him of that estate if established. Watson v. Alderson, 146 Mo. 333; Sunderland v. Hood, 13 Mo. App. 232; Wells v. Wells, 144 Mo. 198; Myers v. Barrows, 3 O. C. D. 52. (4) (a) The rule of *res adjudicata* cannot be applied in this case as against Bridget Teckenbrock. Either the will is the will of Mary McLaughlin or it is not. If it is not, it cannot be held to be her will as to Bridget, and not her will as to Theodore. This proceeding is in the nature of a proceeding *in rem,* although *inter partes,* and the whole *res* must abide the decision, even though fixed upon the motion of but one interested party, provided all parties interested in the *res* are brought before the court. Wells v. Wells, 144 Mo. 198; Rush v. Rush, 19 Mo. 441; Neeman v. St. Joseph, 126 Mo. 89. (b) And this is the reason that the equity rule, that all persons must be made parties who are materially interested, either legally or beneficially in the subject-matter in suit, in order that a complete decree can be made, and to prevent future litigation and to make it certain that no injustice is done to any person, whether a party or not, interested in the subject-matter, is applied with such strictness, and why it is held that a decree or judgment without these parties before the court, could have no force or effect, and why it is said they must be brought in before the court has a right to try the issue. Eddie v. Parke, 31 Mo. 518; Wells v. Wells, 144 Mo. 198. (5) When matters pleaded in a suit were not pleaded nor brought into contest in a former suit, although within the general scope of the litigation, and might have been determined had they been set up and tried, and even if they be set up but were not actually taken up and given consideration, there is no *res adjudicata* as to such matters. Spradling v. Conway, 51 Mo. 51; Spurlock v. Railroad, 76 Mo. 67; Lumber Co. v. Mickey, 89 Mo. App. 270. In the former suit of Teckenbrock v. McLaughlin, there were no allegations of a conspiracy by others to concoct

the will of Mary McLaughlin for her, nor was any evidence allowed tending to support that issue. Teckenbrock v. McLaughlin, 209 Mo. 533. Hence Bridget Teckenbrock is not estopped to contest the will on that issue in this suit where it is expressly pleaded. (6) A will contest under our statute is a suit *inter partes*, although in the nature of an action *in rem*. The judgment only operates against those who are made parties to the suit. In a suit to contest or establish a will, if a party interested in its probate be not made a party to, or actually participated in the suit, he is not bound by the judgment therein, and may still have his action. Eddie v. Parks' Exr., 31 Mo. 513; Kischman v. Scott, 166 Mo. 214; Russell v. Grant, 122 Mo. 180; Hassell v. Wilcox, 120 U. S. 504; Wells v. Wells, 144 Mo. 198; Watson v. Alderson, 146 Mo. 333; Achor v. Sullenger, 137 Mo. App. 372; Vail v. Sprague, 179 Mo. 393. (7) Under our practice where a person cannot "break into" another man's litigation, and where no ancillary actions of review exist, to conclude a "person interested in the probate of a will" without his ever having been made a party to, or given a chance to participate in, or co-operate in the control of, a will contest, by the result of such will contest, is obnoxious to the Constitution of the United States and of Missouri. Art. 5, of Amendments to U. S. Constitution; Constitution of Missouri; Bill of Rights, Sec. 30; Dickey v. Vann, 81 Ala. 430.

*Schnurmacher & Rassieur* for respondents.

(1) Bridget Teckenbrock cannot recover because she is bound by the judgment in the former suit. The issues were the same—*devisavit vel non*. Even the ground for contesting the will was the same—undue influence. As to her, therefore, the former judgment is *res adjudicata*. Spratt v. Early, 199 Mo. 501. (2) The husband, Theodore H. Teckenbrock, cannot re-

cover for the following reasons: (a) Because he is in no way interested in the probate of the will. He can have no interest, direct or indirect, present or remote, in the property of the testatrix. He has no rights as tenant by the curtesy initiate, because his wife never was, and never can be, seized of the real estate. Evans v. Morris, 234 Mo. 177; Dozier v. Toalson, 180 Mo. 550; Cox v. Boyce, 152 Mo. 581; Martin v. Trail, 142 Mo. 91; Van Arb v. Thomas, 163 Mo. 41; Ellis v. Kyger, 90 Mo. 600; Carpenter v. Garrett, 75 Va. 129; Jackson.v. Johnson, 5 Cowen, 24; Adair v. Lott, 3 Hill (N. Y.), 182; Carr v. Anderson, 6 App. Div. (N. Y.) 6. (b) Because he derives his curtesy through the wife, and, being in privity with her, is barred by the judgment which bars her. (c) Even if he at one time had a right of curtesy initiate, still he could not, because of that interest, institute proceedings to contest his mother-in-law's will. Ligon v. Hawkes, 110 Tenn. 514; Meyer v. Fogg, 7 Fla. 292; Storrs v. Hospital, 180 Ill. 368; In re Brown, 47 Hun, 360; Bank v. Nelson, 3 Head (Tenn.) 634; Bowers v. McGavock, 114 Tenn. 438; In re Rollwagen, 48 How. Pr. (N. Y.) 103. (d) The former judgment is also binding upon the husband, because that judgment fixed the status of the instrument. The husband of an heir at law, though a proper party, is not a necessary party to the proceedings. The judgment is not void. Kischman v. Scott, 166 Mo. 225. (e) The former judgment establishing the will is binding upon all the world, and even if the husband had been a necessary party to the former proceedings, he would still be bound. 16 Ency. Pl. & Pr., pp. 1018, 1061; Bogardus v. Clarke, 4 Paige Ch. Rep. 623; Bonnemort v. Gill, 167 Mass. 338; Crippen v. Dexter, 13 Gray, 330; Tebbatts v. Berry, 10 B. Mon. 475; Redmond v. Collins, 4 Dev. (N. C.) 489; Tompkins v. Tompkins, 1 Story C. C. 547; Scott v. Calvit, 3 How. Rep. (Miss.) 148; Dugan v. Northcutt, 7 App. Cas. D. of C. 351; Wells v. Spraggins, 3 Gratt. 555;

McDaniel v. McDaniel, 86 Md. 623.  (f)  It was his duty to appear and have himself made a party in the former proceedings, if he ever wished to contest the will.

BLAIR, C.—This is a contest of a will.

Appellants are husband and wife and appellant Bridget is the daughter of Mary McLaughlin, who died November 3, 1903, seized of certain realty which, by the terms of the will now assailed, she devised to three other daughters, respondents in this case.  This is the second proceeding of the kind.  February 8, 1904, Bridget Teckenbrock instituted in her own name a like action to contest the same will, making her three sisters defendants.  Undue influence was alleged. That case resulted in a verdict and judgment sustaining the will which judgment the trial court set aside on motion and, on appeal, this court reversed that order and remanded the cause with directions to reinstate the verdict and re-enter the judgment.  [Teckenbrock v. McLaughlin, 209 Mo. 533.]  Subsequently, October 26, 1908, this proceeding was begun in the circuit court of the city of St. Louis, in which court the previous case had been heard, and again undue influence is relied upon.  The answer avers, among other things, the rendition of judgment in the former case.  Prior to Mary McLaughlin's death issue had been born of the marriage between contestants.  On the plea of *res judicata* and the issue as to the sufficiency of H. Teckenbrock's interest to support a contest, separately submitted by agreement, judgment was given for contestees.

The statute (Sec. 555, R. S. 1909) provides that "any person interested in the probate of any will" may contest its validity in the manner and within the time therein prescribed.  In this case the right of H. Teckenbrock to contest is asserted to arise out of the fact he is the husband of a daughter of testatrix and,

issue having been born of the marriage, entitled to
curtesy in his wife's share in the estate in case of judg-
ment against the will. Any interest Bridget Tecken-
brock would have taken in 1903 by descent would have
become her separate property by force of the statute
then and now in force. Whether a husband's curtesy
in such property of his wife is more than an estate
for his life after her death contingent upon her failure
to sell, is a question not definitely settled in this State
(Bank v. Hageluken, 165 Mo. 443; Myers v. Hans-
brough, 202 Mo. 495) and, in the view we take, not
essential to the decision in this case. Let it be as-
sumed, for present purposes, that the wife's separate
conveyance of her statutory separate estate does not
affect the husband's curtesy in case it would otherwise
exist. The wife's right to the possession and enjoy-
ment of her property, acquired by descent since 1889,
is well established and the only possessory interest
the tenant by the curtesy can take is one for his life
after the wife's death. In this State the resemblance
between the husband's curtesy and the widow's dower
is somewhat closer than at common law. At the com-
mon law, after issue born, the husband was seized in
his own right of an estate for his life in the fee sim-
ple lands of his wife. His estate was a present one,
entitling him to possess and enjoy the property and
was vendible and subject to sale under execution
against him, even during the wife's life.

So far as concerns the right of the husband in
lands of the wife acquired since 1889 the common law
has been much modified by statute. In such lands,
under the statute (Secs. 8309, 8304, R. S. 1909; Vanata
v. Johnson, 170 Mo. l. c. 274, 275) the husband has no
right of possession during the life of the wife and she
alone can sue therefor. His curtesy initiate entitles
him to no present enjoyment of the property. The
wife's right to possession of her realty acquired since
1889 is exactly as full and complete as the husband's

right to the possession of realty  the title to which is in him, and the contingency upon which he will take as tenant by the curtesy consummate is identical with ·that upon which the widow takes her dower, i. e., survival. In view of the change thus effected by the statute the real interest of the husband during the marriage and after birth of issue is, like dower, a legal estate in expectancy, a right to the future enjoyment of an estate, contingent upon the uncertain event of his surviving his wife. It is true it was recently said (Myers v. Hansbrough, 202 Mo. 495) the curtesy initiate is a vested interest, but by that it was not meant the husband as such tenant had any present, actual, vendible interest or possessory right in the wife's realty (acquired since 1889) prior to her death. The question in that case was whether the husband, after the wife's death, took subject to her debts.

In view of what has been said, the similarity between the inchoate right of dower and curtesy initiate (in lands acquired since 1889) is such that decisions respecting the nature and value of the inchoate right of dower may with profit be consulted in the course of an endeavor to ascertain the character of an estate by the curtesy initiate. In this State the inchoate right of dower is ''an inchoate and contingent right. Its value depends wholly upon the death of the husband'' (Durrett v. Piper, 58 Mo. 551), and the impossibility of valuing such an interest prevents (*Ibid.*) an award of substantial damages in an action for breach of covenant against dower until the death of the husband completes the wife's claim to an actual interest. Judge BLISS in an early case (Hinds v. Stevens, 45 Mo. 209) also declared that in case of a sale in partition, the . interest of a wife of a partitioner was such that he knew ''not how it would be possible to so estimate the value, of that shadowy right, as to pay her or invest for her any portion of the proceeds of the sale.'' In Riddick v. Walsh, 15 Mo. 519, this court said:

"'There is a marked distinction throughout the books between cases where a suit affects a wife's interest in real estate which is claimed in her own right, and those in which she has only an inchoate right of dower. In the former class of cases no instance is to be found in which it is not maintained that a wife is a necessary party to the proceedings in order to devest her right. In the latter class the husband alone is deemed the proper party to defend a proceeding instituted to devest title.'' It has always been held (Lee v. Lindell, 22 Mo. 202) she is not a necessary party to proceedings to partition realty in which her husband owned an undivided interest and, in many instances, though the husband may not by subsequent act devest, or impair or affect her right, yet he represents the fee, including the wife's inchoate right (Hoyt v. Oliver, 59 Mo. 188; Maguire v. Riggin, 44 Mo. 512; Bailey v. Winn, 101 Mo. 649; Chouteau v. Railroad, 122 Mo. 375; and cases cited), in actions affecting it.

The right to contest a will is statutory and under the statutes an interest in the probate of the will (Sec. 555, R. S. 1909) is essential to the existence of the right. Heirs, devisees, legatees, executors and judgment creditors (Watson v. Alderson, 146 Mo. 333) have immediate, direct, pecuniary interests attaching at once upon devolution of the estate, and their capacity to maintain an action to contest a will is established. The interest of the husband in this case is markedly different. He could have no present interest in the property inherited by his wife. He could be seized neither in law nor fact until his wife's death. He could have neither possession nor right to possession prior to that event. He could, during the wife's life, have no estate more susceptible of valuation than the inchoate right of dower, nor could he sell or convey. He could never have any actual interest unless he outlived his wife. Generally, a direct, pecuniary interest at the time of the probate of the will is a con-

dition precedent to the right to contest. [Halde v. Schultz, 17 S. D. 1. c. 473, and cases cited.]

In this case the wife has already prosecuted to final judgment her contest and this court has directed the entry of judgment against her, establishing this very will. That action the statute authorized her to bring as if she were a *feme sole* (Sec. 8304, R. S. 1909). Therein she litigated her right to the property of her mother, actively and in good faith, and in so doing we hold she represented the whole fee, including the interest the husband could have taken after her death in case he outlived her.

The only right of possession he can ever have is contingent upon his surviving his wife. The present value of his interest is as difficult of ascertainment as is that of the inchoate right of dower. Seizin in the wife is a condition precedent to the existence of whatever is left of curtesy initiate in lands like those here involved, and the wife, we think, represents the fee in pursuing her statutory right to litigate the question whether she was ever seized and the judgment against her binds him. This conclusion is warranted by the nature of the husband's interest and the statute relating to will contests. There is no precedent for permitting the husband (or the inchoate dowress) of an heir to maintain a contest under circumstances like those in this case and that fact evidences the concurrence of the bar, to this hour, in the belief that no right to do so exists. It may also be suggested that singular results would flow from a contrary holding.

If the husband be permitted to maintain this action after judgment against his wife in a former contest and the will be set aside, and then the wife survive, the result is that the will has been successfully contested by one who never had and never can have a present, actual interest in the property. Further, suppose a will is contested by the wife, an heir, before the birth of issue, and judgment is rendered establish-

ing the will. In such circumstances and in such a proceeding the husband certainly has no interest to assert or protect. In case of the subsequent birth of issue may he institute a second contest? His right to curtesy does not depend upon the order in which seizin in the wife and the birth of issue occur. H. Teckenbrock could have neither actual seizin nor seizin in law, in lands descending to his wife since 1889, until the death of his wife. He has therefore no such present pecuniary interest in such lands as to enable him to escape the binding force of the prior judgment against his wife in view of the language of the statutes referred to and the contingent character of his right to future enjoyment of the wife's realty.

As stated, the question whether the wife's sole deed carries full title, freed from curtesy, does not arise on this record. Further, in what has been said concerning the inchoate right of dower, that interest was considered as it existed at common law and it is not intended in any way to affect decisions dealing with statutory modifications of the right.

The suggestion that the issues in the first contest were unlike those in this case and the judgment therefore ineffectual to bar either contestant is not, in the view we take, of great importance, but it may be added we do not regard the difference between an allegation of the exertion of undue influence by several and an allegation that several conspired to unduly influence testatrix as sufficient to warrant the conclusion drawn therefrom by counsel. The judgment is affirmed. *Roy, C.,* concurs.

PER CURIAM.—The foregoing opinion of BLAIR, C., is adopted as the opinion of the court. All the judges concur.