### In re Will of Ida F. Norris

[183 A.2d 519]

May Term, 1962

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed July 16, 1962

*Ryan, Smith & Carbine* for the appellant.

*Samuel E. Richardson* and *Arthur L. Graves* for the appellee.

**Hulburd, C. J.** The Probate Court for the District of Caledonia allowed an instrument dated June 6, 1950, as the last will and testament of Ida F. Norris, late of Lyndon, Vermont. One of the provisions of that will read: "I direct that my Executors dispose of the Oriental Rugs in accord with a written memorandum to be found with this will." At the time that the will was submitted to the probate court for probate proceedings, the following memorandum was attached to it:

Oriental Rugs—
(1) 9 x 12 Persian Sarouk
to Agnes W. Sanborn
82 Ivery St. Frewsburg
(1) 6 x 9 Oriental near
dining room

I.F.N.

to John Norris

June 6

(1) 6 x 9 Oriental near

1950

bay window to
Elsie N. Watson
7 Barrymore Road
Hanover—N. H.
(1) 6 x 9 Oriental in Hall—
to Susan Cowles
Lyndon Center, Vt.

On the other side of the sheet containing the above appeared a further memorandum—which purported to be cancelled—as follows:

In addition to the above, a document was left with the probate court, according to a notation on it by the probate judge, "after the presentation of instrument purporting to be last Will and Testament dated June 6, 1950." This document was further stated by the probate judge to be, "In files at time of hearing on petition of executors named. Contents noted." It read as follows:

"1961

Disregarding a previous will of 1952
In case of death—I wish for no funeral
service—just a commital service—
    Would wish Lyndon Institute
Village Improvement Soc. and Congregational
Church to have $5000 each—
    And Elsie, John & Agnes to have
the rest equally—House hold things
to take what they like and dispose
of the rest—
    Patty to have the solid silver ware
& sets of dishes—"

On the foregoing document the probate judge endorsed: "Found and left in office by John L. Norris after presentation of instrument purporting to be last Will and Testament dated June 6, 1950. In files at time of hearing on petition of executors named. Contents noted. Instrument dated June 6, 1950 allowed. January 2, 1962. Ivis E. Wesley, Judge."

In admitting the will to probate, the probate court did not treat any of the several memoranda quoted as a part of the will, and we regard the record as clearly indicating a rejection by the court of all memoranda involved.

■ Within the time allowed by statute, Elsie Norris Watson took an appeal to Caledonia County Court. Previously she had not appeared in the probate court proceedings. Had she done so, as a person "concerned" in the probate of a will, (see 14 V.S.A. §107) the question we are coming to might have been accelerated, since only those having some interest in a will, or estate, or its proceeds are generally held to be entitled to contest the probate of a will. See 95 C.J.S. Wills, §323. In any event, Mrs. Watson filed her appeal to

county court, seeking to qualify herself under the appeal statute (12 V.S.A. §2555) by stating: "Appellant is the 'Elsie' mentioned in the memorandum attached to the will."

The appellee promptly filed a motion to dismiss Mrs. Watson's appeal. This is based on the ground that the appellant ". . . is merely the step-daughter of the decedent and therefore neither next of kin, an heir, or relative of any sort of the testatrix, Ida F. Norris. Furthermore, Mrs. Watson is neither a devisee, legatee or other beneficiary of said instrument." The county court granted the motion to dismiss, stating that "it is found the record does not disclose that Elsie Norris Watson has a legal interest which may be either enlarged or diminished by the order of the probate court allowing the instrument dated June 6, 1950 as the last Will and Testament of Ida F. Norris."

It is from the granting of the motion to dismiss that the appellant brings her appeal to this Court. In briefing her appeal to this Court, appellant has made clear that when she stated in her notice of appeal that she was "the Elsie mentioned in the memorandum," she had reference to the memorandum headed "1961." She goes on to say in her brief, however, that she "did not limit her rights to those which she might have under this memorandum."

So far as the "1961" memorandum is concerned, we need only point out that there was no reference in the will to such a memorandum. Aside from the question of whether the figures "1961" constitute a date (and if so preclude its existence at the execution of the will) the will fails to disclose any awareness by the testatrix of this document. Assuming it to have been in existence, it was not something referred to in the will. It may well have been a tentative expression of the decedent of a possible disposition of her estate to which she never committed herself in fact nor in law, since she left it devoid of all legal execution or even signature. No basis for invoking the doctrine of incorporation by reference is indicated in connection with this memorandum. It follows that it did not furnish the appellant any standing for her appeal.

There remains the question of whether the "oriental rug" memorandum, which, as we have seen, was explicitly referred to in the will, and attached to it, furnished the appellant with a basis for an appeal. The appellees assert—and so admit—that if the action of the court below is sustained, the appellant will take nothing. The fact of the

unidentified "1961" memorandum furnishes no ground for appeal as we have already seen. But the appellant stands in a position in which she will take nothing in spite of the attempted incorporation by reference of the testatrix to the "oriental rug" memorandum if her appeal is dismissed. She may have an interest which will be defeated by allowing the probate of the will to stand as made, that is, admitting the will to probate without treating the memorandum as a part of such will and probated as such. The law in this state as to incorporation by reference in a will remains undeveloped. If the appeal is dismissed, the appellant will be denied an opportunity to be heard on this question.

██ It has been held that the requirement that the contestant of a will be an interested person does not compel a person who has established that his interest may be impaired to prove that it will in fact be impaired. *In re Plant,* 27 Cal.2d 424, 164 P.2d 765, 162 A.L.R. 837. We agree that the fact that the appellant was a stepdaughter of the decedent furnishes no basis for an appeal. *In re McCardle's Estate,* 95 Colo. 250, 35 P.2d 850. But a memorandum which the testatrix has sought to incorporate by reference should.

It follows from the foregoing that it was error to dismiss the appeal for lack of an interest on the part of the appellant.

*Reversed and remanded.*