STATE of Missouri ex rel. Paul COOPER, Individually and as Trustee for Bernadine Quinn and Executor of the Purported Last Will of Margaret Tracy, Deceased, Relator,

v.

Honorable George W. CLOYD, Judge of Division 9 of the Circuit Court of the County of St. Louis, State of Missouri, Respondent.

No. 55441.

Supreme Court of Missouri,
En Banc.

Jan. 11, 1971.

Bart Mantia, St. Louis, and Ben G. Landau, St. Louis, for relator.

David G. Dempsey, Clayton, for respondent.

BARDGETT, Judge.

This is an original action in prohibition filed in the St. Louis Court of Appeals wherein relator seeks to prohibit the respondent judge of the Circuit Court of St. Louis County from proceeding with a will contest.

The St. Louis Court of Appeals issued its preliminary writ and on final determination a majority of that court quashed the preliminary writ. One judge dissented in a separate dissenting opinion and certified that he believed the decision reached by the majority to be contrary to that in Campbell v. St. Louis Union Trust Co. (Banc), 346 Mo. 200, 139 S.W.2d 935; Jensen v. Hinderks, 338 Mo. 459, 92 S.W.2d 108; and Watson v. Alderson, 146 Mo. 333, 48 S.W. 478, whereupon the court of appeals transferred the cause here for final determination pursuant to the Missouri Constitution 1945, Art. V, § 10, V.A.M.S. We will consider the matter the same as if the proceeding had been brought directly in this court. Mo.Const.1945, Art. V, § 10; State ex rel. Schneider's Credit Jewelers, Inc. v. Brackman, Mo., 272 S.W.2d 289.

The issue is whether or not the will contest petition filed by contestants in the circuit court shows them to have the requisite standing to maintain a will contest under § 473.083, subd. 1, RSMo 1969, V.A.M.S., which requires that a contestant be a " * * * person interested in the probate of a will. * * * " The resolution of this issue depends on the answers to two questions: Does the increased power of the testamentary trustee to encroach upon the corpus for the support of the principal beneficiary detrimentally affect the residuary beneficiaries financially, and is the interest of the contestants a present one when it is dependent upon their surviving the principal beneficiary?

The majority of the St. Louis Court of Appeals upheld the contestants' right to

maintain the will contest. We agree with the result reached by the St. Louis Court of Appeals but not on the basis that contestants have a financial interest in the *estate* of the deceased, but because contestants have a financial interest in the *probate of the will* of the deceased. We believe the distinction is important because of the differences between an "interest in the estate" and an "interest in the probate of the will." In large measure we will utilize the majority opinion of the court of appeals in this opinion without the use of quotes.

The contestants, Robert F. and Frances Quinn, make their claim of financial interest in the probate of the will on the differences between provision made for them in a testamentary trust by an earlier rejected will and those made for them in the later admitted will. These differences concern a change in the trustee's powers which the Quinns say may reduce the amount of money they are to receive as the residuary beneficiaries. We mark out the relevant differences between the rejected will executed April 18, 1966, and the admitted will executed August 17, 1966.

The similarities: By each will Mrs. Margaret Taylor bequeathed (a) $5,000 to the contestants, Robert and Frances Quinn, (b) a substantial amount of property in trust to pay Bernadine M. Quinn a $225 monthly income, and (c) the same fractional share of the residue, if any, remaining at Bernadine Quinn's death.

The relevant dissimilarities: The earlier April will restricted the trustee's power to encroach upon the corpus to Bernadine Quinn's need for "medical or nursing or hospital care." The later August will broadens this power of encroachment for the benefit of Bernadine Quinn to include "her proper maintenance and support, or to provide against any emergency which may arise effecting them occasioned by sickness, accident, ill health, misfortune or otherwise, and the said trustee may advance such sum or sums out of the principal of the trust estate for the use and benefit of

said beneficiary as he shall consider reasonable and proper under the circumstances and make such advancements from time to time when he believes it proper to do so and for the best interest of said beneficiary." Thus the trustee's broadened power of encroachment could reduce the value of the corpus.

The probate court admitted the later August will to probate and rejected the earlier April will. Thereupon, Robert and Frances Quinn filed suit contesting the admitted will and seeking to probate the rejected will. The relator, as a contestee, moved to dismiss the Quinns' petition on the ground they did not have an interest in the probate of the will and thus lacked capacity to contest it. The trial court denied the motion, thereby retaining jurisdiction. The relator promptly sought prohibition contending the petition showed the Quinns' lack of capacity to sue and, therefore, did not state facts warranting relief. Since the Quinns concede their petition cannot be amended to show any greater financial interest, prohibition is appropriate to test the trial court's jurisdiction. State ex rel. H. K. Porter Co. v. Nangle, Mo.App., 405 S.W.2d 501.

By § 473.083, RSMo 1969, V.A.M.S., a will may be contested or a rejected will established only by persons "interested in the probate of a will." This requires a contestant to have a "financial interest in the estate, and one which would be benefited by setting the will aside." State ex rel. Damon v. McQuillin, 246 Mo. 674, 152 S.W. 341; Gruender v. Frank, 267 Mo. 713, 186 S.W. 1004; First Presbyterian Church of Monett v. Feist, Mo.App., 397 S.W.2d 728. For example, a widow cannot maintain a will contest where she is entitled by the laws of intestacy to half of her deceased husband's estate and his will gives her the same thing; since she would not be financially benefitted by setting the will aside, she has no financial interest in its probate. Jensen v. Hinderks, 338 Mo. 459, 92 S.W.2d 108.

While the right to contest a will is statutory and in derogation of the common law, and plaintiffs must bring themselves within it, yet we are required to give acts of the General Assembly a sufficiently liberal construction so as to effectuate the true intent of the legislative act. Section 1.010, RSMo 1969, V.A.M.S.; Steggall v. Morris, 363 Mo. 1224, 258 S.W.2d 577.

We measure the Quinns' financial interest as of the time the later will was probated. Davis v. Davis, Mo., 252 S.W.2d 521; Campbell v. St. Louis Union Trust Co., supra, 346 Mo. 200, 139 S.W.2d 935. It seems logical that a residual interest in a trust fund with narrow encroachment powers is more valuable than a residual interest in a trust fund with broader encroachment powers. Thus the Quinns' interest would be benefitted by probating the earlier will since their interest in that trust's residuary would not be subject to the trustee's broader powers to reduce the corpus by using it to pay for maintenance and support, et cetera, of Bernadine Quinn. It is possible, of course, that the trustee may not resort to the corpus to pay that expense, but the absence of that power of encroachment enhances the value of the residue. The situation is not unlike inheriting a tract of land free from encumbrances and inheriting it subject to a right of easement; that right may never be exercised, but the land would be more valuable without it. The exercise of the broader power of encroachment has the immediate and direct effect of reducing contestants' potential inheritance.

The courts of California and Vermont support this view. In re Plaut's Estate, 27 Cal.2d 424, 164 P.2d 765, ruled: "The requirement that the contestant be an interested person prevents persons with no interest from delaying the settlement of the estate, but does not compel a person who has established that his interest '*may* be impaired' [citation] to prove that it will in fact be impaired." The cited case, In re Land's Estate, 166 Cal. 538, 137 P. 246, declared: "If the interest is one that *may*

be impaired or defeated by the will assailed, it is sufficient." The case of In re Norris' Will, 123 Vt. 116, 183 A.2d 519, adopted the Plaut opinion. We find no authority to the contrary.

In the instant case the trustee's broadened power of encroachment could reduce the amount of the corpus remaining at the termination of the trust and thereby reduce the amount contestants may finally receive. This broadened power of encroachment lessens the present value of the remaindermen's interest in the estate because it makes the corpus subject to larger invasion. Thus there is a direct and present pecuniary interest by the remaindermen-contestants in the probate of the will.

In Watson v. Alderson, 146 Mo. 333, 48 S.W. 478, cited by relator, the court held that to be a person interested within the meaning of the statute he must be a person whose right or title is *concluded* by the probate. In our case the amount of money that contestants may receive depends upon the powers of the trustee to invade the corpus while Bernadine Quinn lives. Whether or not Bernadine Quinn will in fact be in need of additional sums for the additional uses authorized by the probated will, but not authorized as such by the rejected will, cannot be determined at this time. What can be determined in this will contest is whether the probated document is the last will of deceased and thereby whether or not the trustee has the *right* to make such encroachments. This *right*, if exercised, may cause the amount remaining, if any, for distribution to the contingent remaindermen to be smaller than if that right did not exist. The *right* to so encroach on the corpus will be concluded by the probate and thus the right of the remaindermen under the earlier will to prevent the trustee from so encroaching on the corpus will be concluded.

In Campbell v. St. Louis Union Trust Co., supra, 346 Mo. 200, 139 S.W.2d 935, relied on by relators, the principal question

was whether the right to contest a will survived to contestant's heirs. The facts were that Hugh Campbell died testate but left his brother and sole heir, Hazlett Campbell, nothing. Hazlett filed a will contest and while it was pending Hazlett died intestate. McNickle, Hazlett's heir, sought to be substituted as party-plaintiff on the ground that upon Hazlett's death the cause of action survived to McNickle as Hazlett's heir. Preliminary to holding that the right to contest a will did not survive, was purely personal, and neither assignable nor descendible, the court noted that the interest required of a contestant is that it must be a direct pecuniary one in the probate of the will rather than in the estate, and it must exist at the time of the probate of the will. At the time of probate, McNickle had no interest in the deceased's estate.

In the instant case, however, contestants' rights to inherit arise directly from being named beneficiaries in the will of deceased, and their interests in probate arise from the pecuniary benefit contestants would realize if the probated will is rejected and the earlier rejected will is found to be the last will of deceased. The above-mentioned pecuniary benefit is, in short, the right of the remaindermen to restrict the trustee's expenditures to the narrower uses allowed in the earlier will and thereby conserve the corpus, as opposed to the broader powers to expend funds and deplete the corpus as set forth in the probated will.

■ Jensen v. Hinderks, 338 Mo. 459, 92 S.W.2d 108, is cited by relator as support for relator's position that an interest *in the estate* is not sufficient to give one standing to maintain a will contest. We agree that interest in the estate, standing alone, will not satisfy the requirement of § 473.083, RSMo 1969, V.A.M.S. Here, however, contestants stand to gain a pecuniary benefit if the second will is set aside and, therefore, have an interest in its probate.

The language in both Campbell v. St. Louis Union Trust Co. and Jensen v. Hinderks, supra, to the effect that the interest must be in the probate of the will rather than the estate means that an interest in the estate, *without* having the requisite interest in probate, is not sufficient to give standing to maintain a will contest.

We hold that contestants' financial interest would be benefitted by the earlier will.

The relator contends the Quinns have no present interest in the estate since their interest is contingent. Relator says the interest to support the right to contest a will must exist at the time of probate, citing Davis v. Davis, supra, and Campbell v. St. Louis Union Trust Co., supra. Neither case concerned a contingent interest.

■ Each testamentary trust created for Bernadine M. Quinn provided: "In the event any of this trust shall remain upon the death of BERNARDINE M. QUINN, then it shall go to those persons named in Article V who are alive on the death of BERNARDINE M. QUINN: Per capita except a husband and wife named therein, if both be alive, shall be considered as one for this purpose." The article referred to named Bern Coyne, Paul Cooper, Robert and Frances Quinn [the contestants] or survivor, and Thomas M. and Bernice Quinn. This gave contestants, Robert and Frances, only a contingent, not a vested interest in the trust's residue.

■ We point to the words "to those persons named in Article V who are alive on the date of the death of Bernadine M. Quinn." Only when she dies can the identity and respective shares of the residuary beneficiaries be determined. Until then their interest is contingent; it will vest only upon her death in those who survive her. Taylor v. Hughes, 363 Mo. 389, 251 S.W.2d 94; Dickerson v. Dickerson, 211 Mo. 483, 110 S.W. 700. In Dwyer v. St. Louis Union Trust Co., 286 Mo. 481, 228 S.W. 1068, the court said, "the qualifying terms 'living at the time of her death' makes the children of Mrs. Worrall merely

contingent remaindermen under the will of the grandfather." Vesting of interests in personal property is subject to the same rules as real estate. Gardner v. Vanlandingham, 334 Mo. 1054, 69 S.W.2d 947.

We conclude that even a contingent interest is valuable and the Quinns should not be cast out merely because their financial interest is contingent.

Although a contingent remainderman has no right to possession, he does have a protectible interest. Thus he cannot recover damages for trespass but "while he will not be allowed to recover damages for that which may not be his he should be allowed to prevent the destruction of that which may become his." Taylor v. Adams, 93 Mo.App. 277, 280. Thus in Canada v. Daniel, 175 Mo.App. 55, 157 S.W. 1032, a residuary trust beneficiary was allowed to compel the trustee to repay funds improperly distributed to another beneficiary even though the residuary interest was contingent. In McNeal v. Bonnel, Mo., 412 S.W.2d 167, the court upheld the conveyance of a contingent interest in a trust saying, "where a trust has been created * * * a beneficiary has a property interest even though his interest is contingent." To hold that the Quinns have no financial interest in the estate would be holding their contingent interest is valueless. Cases cited above hold to the contrary.

Challenging the Quinns' right to contest the will on the ground of contingency of their interest, the relator cites Teckenbrock v. McLaughlin, 246 Mo. 711, 152 S.W. 38 (1912). There the contestant's wife would have inherited real estate but was disinherited by her father's will. The husband-contestant claimed he had an interest in the estate since but for the will he had curtesy initiate in the decedent's real estate. In

denying his right to contest, the court pointed to the need for an "immediate, direct, pecuniary interest attaching at once upon devolution of the estate" and ruled: "The interest of the husband in this case is markedly different. He could have no present interest in the property inherited by his wife. He could be seised neither in law nor fact until his wife's death. He could have neither possession nor right to possession prior to that event. He could during the wife's life have no estate more susceptible of valuation than the inchoate right of dower, nor could he sell or convey. He could never have any actual interest unless he outlived his wife. Generally a direct, pecuniary interest at the time of the probate of the will is a condition precedent to the right to contest. Halde v. Schultz, 17 S.D. 465, loc. cit. 473, 97 N.W. 369, and cases cited."

In Teckenbrock v. McLaughlin, supra, the wife, a disinherited daughter of the testator, had previously contested the will and lost. Then her husband brought the second will contest asserting his curtesy initiate was an interest in the estate. The court upheld the estate's contention that the wife "represented the whole fee" in her suit and the judgment against her was res judicata. There are similarities but also differences between curtesy initiate and contingent remainders. For example, Teckenbrock points out that the wife's interest was her separate property and the husband had nothing he could convey.[1] That is not true with a contingent remainder. It is "more than a mere possibility of an estate" and is alienable and subject to seizure under executions. Grimes v. Rush, 355 Mo. 573, 197 S.W.2d 310; Godman v. Simmons, 113 Mo. 122, 20 S.W. 972. It is "an interest in real estate." McFarland v. Bishop, 282 Mo. 534, 222 S.W. 143. We are not persuaded that

---

1. Curtesy initiate was no more than "a mere interest in expectancy" since under the Married Womens Act (§§ 8304, 8309, RSMo 1909) a wife was a femme sole and could convey real estate in fee without her husband joining in the conveyance. Riggs v. Price, 277 Mo. 333, 210 S.W. 420; Brook v. Barker, 287 Mo. 13, 228 S.W. 805.

Teckenbrock supports the relator's contention that the Quinns are without financial interest in the estate. Instead we believe their contingent interest is a valuable interest in the estate, one that is more valuable under the earlier will than under the later will, and it is this difference in value that provides the interest in the probate.

We hold that contestants Quinns do have a financial interest in urging the rejection of the later will and the probate of the earlier will and as such have the requisite interest in the probate of decedent's will as required by § 473.083, RSMo 1969, V.A. M.S. Our holding in this case is consistent and not in conflict with Campbell v. St. Louis Union Trust Co.; Jensen v. Hinderks, and Watson v. Alderson, supra.

The trial court properly denied relator's motion to dismiss contestants' petition. The preliminary writ of prohibition is quashed.

All of the Judges concur.