Rita MILLS, Francis Horack, Albina
Hemker and Lee Horack,
Appellants,

v.

Miriam KETTLER and Arthur
Kettler, Respondents.

No. 39486.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Sept. 12, 1978.

Motion for Rehearing and/or Transfer
Denied Nov. 15, 1978.

Cox, Moffitt & Cox, William A. Moffitt, Jr., St. Louis, for appellants.

Anthony B. Ramirez, Clayton, for respondents.

REINHARD, Judge.

Plaintiffs Rita Mills, Francis Horack, Albina Hemker and Lee Horack filed a will contest action against defendants Miriam A. Kettler and Arthur Kettler, her husband. Defendants' motion to dismiss with prejudice for failure to state a claim was sustained. Plaintiffs appeal and we affirm.

Plaintiffs were named as beneficiaries in a revocable inter vivos trust established by settlor Manuela Menchaca on October 21, 1975. Upon the death of settlor, her trustees were to transfer the principal and undistributed income free of trust, one-third to defendant Miriam A. Kettler, one-third to plaintiff Rita Mills, and one-third to be divided equally among plaintiffs Francis Horack, Albina Hemeker [sic] and Leo [sic] Horack. Funeral expenses were to be paid and other minor transfers were to be made.

That same day, settlor assigned her interest in the Estate of Harry L. Roth, deceased, to the trustees. On February 10, 1976, settlor exercised the power reserved to her in the trust agreement and revoked the trust. Accordingly, on February 17, 1976, she also revoked the accompanying assignment. That same day, she executed her last will and testament [1] leaving her residuary estate to defendant Miriam A. Kettler, after a small bequest for masses for the repose of her soul. Defendant Arthur Kettler was named executor.

Manuela Menchaca died on July 21, 1976, and her last will and testament was admitted to probate on August 20, 1976. On December 14, 1976, plaintiffs filed their will contest action alleging, in addition to the facts set forth above, that plaintiffs as beneficiaries of the trust are persons interested in the probate of Manuela's will, that the trust was revoked as a result of undue influence by defendants on Manuela, that the last will and testament is void as a result of undue influence by defendants on testator, and that the will is void because not properly executed.

The sole issue on appeal is whether plaintiffs are persons interested in the probate of the Menchaca will. If plaintiffs are "interested" persons, then defendants' motion to dismiss was erroneously sustained. If not, plaintiffs were improper parties to bring a will contest action.

Will contests are purely statutory and the provisions of the statute must be strictly met. *State ex rel. Cooper v. Cloyd,* 461 S.W.2d 833, 836[3] (Mo.banc 1971); *State ex rel. Damon v. McQuillin,* 246 Mo. 674, 152 S.W. 341, 345 (1912). Since § 473.-083, RSMo. (Supp.1975) provides that a person interested in the probate of the will may initiate an action, clearly a stranger could not institute proceedings.[2]

---

1. The record does not indicate whether she had a prior will.

2. Section 473.083 provides that, "Unless any person interested in the probate of a will appears within six months after the date of the probate or rejection thereof by the probate court, or within six months after the first publication of notice of granting of letters on the estate of the decedent, whichever is later, and, by petition to the circuit court of the county contests the validity of a probated will, or prays to have a will probated which has been rejected by the probate court, then probate or rejection of the will is binding."

The interest referred to in the statute must be a *direct* financial interest such that a person (contestant) would benefit by setting aside a will, or would lose by its establishment. *State ex rel. Cooper v. Cloyd, supra* at 835; *First Presbyterian Church of Monett v. Feist,* 397 S.W.2d 728, 733 (Mo.App.1965).

Plaintiffs have no direct financial interest in the probate of the Menchaca will. They suffer no loss by the establishment of the will. This is the situation, whether or not the Menchaca trust was revoked. The inter vivos trust was independent of the will. If the trust had not been revoked, its corpus would have been distributed according to the terms of the trust, regardless of whether Manuela had a will. The execution of a will did not affect plaintiffs' rights, if any, under the trust. Nor do plaintiffs benefit from setting aside the Menchaca will. If the will were set aside, the estate would pass by the laws governing intestacy to the heirs of Manuela. Plaintiffs make no claim that they are heirs of the deceased. In fact, there were no allegations that plaintiffs were members of any group which the law has found to be interested persons.

Plaintiffs can not litigate in a will contest action the issue of whether the trust was revoked as a result of defendants' undue influence on settlor, because the sole question in that proceeding is to ascertain the single fact whether a certain paper or papers are or are not the last will and testament of the deceased. *State ex rel. O'Connell v. Crandall,* 562 S.W.2d 746, 749[3] (Mo.App.1978). For the same reason, a constructive trust can not be impressed upon the assets of Manuela's estate, as plaintiffs suggest.

For the foregoing reasons, we find that the trial court properly sustained defendants' motion to dismiss because plaintiffs are not interested persons within § 473.083.

Judgment affirmed.

STEWART, P. J., and STEPHAN, J., concur.