GODMAN *et al.*, *Appellants*, v. SIMMONS *et al.*

Division One, December 22, 1892.

1. **Conveyance**: ESTATE TAIL: STATUTE: CONTINGENT REMAINDER. A conveyance to one "for and during her natural life and then to the heirs of her body and assigns forever," being an estate tail at common law, is converted, under Revised Statutes, 1889, section 8838, into a life estate in the first taker with a contingent remainder in fee simple over in favor of the persons answering the description of "heirs of her body" on the death of the life tenant.

2. ———: ———: ———: ———. A conveyance of her interest by a daughter of the life tenant, made in the lifetime of the latter, will pass no title, where the life tenant survives the daughter. *Emmerson v. Hughes*, 110 Mo. 627.

3. ———: ———: ———: ———. Where, however, the daughter survives the mother the conveyance will be valid.

4. **Contingent Remainder, Alienation of.** A contingent remainder, it seems, is alienable under our law.

5. **Supreme Court Practice**: FINDING OF FACT. Where there is evidence to support the finding of a fact in issue by the trial court, such finding will not be disturbed on appeal.

*Appeal from Saline Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*J. P. Strother* for appellants.

(1) The remainder created by the deed in the heirs of May R. Godman's body was a contingent one. 4 Kent's Commentaries [11 Ed.] marg. p. 232; Tiedeman on Real Property, 345, and notes; 2 Washburn on Real Property, 242, 268; *Riggins v. McClallan*, 28 Mo. 23; *Aubuchon v. Bender*, 44 Mo. 560; *Emison v. Whittlesey*, 55 Mo. 254; *Persen v. Newman*, 62 Mo. 201; *Delassus v. Gatewood*, 71 Mo. 372; *Rich-*

*ardson v. Wheatland*, 7 Mass. 169. (2) Said contingent remainder being to a dubious and uncertain person conveyed no interest which was subject to sale and transfer during the life of the life tenant. 2 Washburn on Real Property, 240; 4 Kent's Commentaries, 262; 2 Thomas Coke [2 Am. Ed.] 117. *Jackson v. Waldron*, 13 Wend. 178; 4 Kent's Commentaries, 262. When he says "if the person be not ascertained, they (contingent estate of inheritance) are not then possibilities coupled with an interest and they cannot be either devised or descend at the common law." 2 Coke [2. Am. Ed.] 117; *Jackson v. Waldron*, 13 Wend 178. (3) The rule laid down in some cases that mere possibilities may be released to the owner of the land or the *terre tenant* will not avail here, because none of the deeds in evidence were made to a party occupying any such relation to the land. *Allen v. De Groodt*, 98 Mo. 160; Coke on Littleton, secs. 453, 267b; *Varney v. Stevens*, 22 Me. 331; 1 Washburn on Real Property [6 Ed.] 129; *Whitney v. Slater*, 36 Minn. 103. (4) Mrs. Way and Mrs. Naylor were both married women and the deeds in which they joined respectively could not, under the statute, work an estoppel as to them as to the after acquired estate. They signed no deeds since their mother's death. Revised Statutes, 1889, sec. 2396; *Reese v. Smith*, 12 Mo. 344; *Parker v. Circle*, 60 Mo. 258; *Chauvin v. Wagner*, 18 Mo. 551, *et seq.*; *Farar v. Christy*, 24 Mo. 453; *White v. McPheeters*, 75 Mo. 292. (5) If we treat the pretended deed from Beal Godman to his father in April, 1880 as having any validity, still, both it and the deed from Mrs. Naylor to her father, Milvin Godman, were quitclaims and not sufficient to pass the title afterwards acquired upon the death of Mary R. Godman, the life tenant. *Bogy v. Shoab*, 13 Mo. 378, *et seq.*; *Gibson v. Chouteau's heirs*, 39 Mo. 566; *Valle v. Fleming's heirs*, 18 Mo. 486;

*Butcher v. Rogers*, 60 Mo. 138; Martindale on Conveyancing [2 Ed.] 152.

*Draffen & Williams* and *Samuel Boyd* for respondents.

(1) Our statute is careful to make alienable by deed, not only estates, but also interests in lands, which covers the case of executory devises and contingent remainders as fully as if they were named. *Lackland v. Nevins*, 3 Mo. App. 335; *Wilson v. Wilson*, 32 Barb. 328; *White v. McPheeters*, 75 Mo. 286; 1 Jones on Mortgages, sec. 137, p. 102. (2) Even under the strictest rules of the common law, a party having a contingent interest in land might release it to one also having an estate therein, notwithstanding he could not convey it to a stranger. In the case at bar the conveyances from the plaintiffs, as well as the deed from Beal Godman, were not to a stranger, but to a party already possessed of an estate in the land, and were valid transfers of their interest under the above rule. *Jeffers v. Lanson*, 10 Ohio St. 101; *Miller v. Eams*, 19 N. Y. 384; *Wilson v. Wilson*, 32 Barb. 328; 2 Leading Cases in American Law of Real Property, 372. (3) It is true that the deed of Mattie Naylor and that of Beal Godman to Melvin Godman were executed subsequently to the deed of trust from Melvin Godman to W. R. Gist, trustee. Still Melvin Godman's deed of trust passed the interest subsequently acquired by him. *Boyd v. Hazeltine*, 19 S. W. Rep. 822; *Cockrill v. Bane*, 94 Mo. 444. (4) If the contingent interest of W. C. Godman, Josephine Way, Mattie Naylor and Beal Godman could under our statute be transferred; or if said interests could be released to one having an estate in the land, then, by virtue of the deeds herein, before referred to, their contingent interests passed

from them and vested in their grantees and the defendant Simmons has succeeded to their title. (5) Even if it should be held that the contingent interests of the plaintiffs and Beal Godman could not be conveyed, and further that the same could not be released to one having an estate in the land, and that therefore their conveyances were void, still the plaintiff, William C. Godman, is undoubtedly estopped from asserting title to the land in controversy. 1 Jones on Mortgages, sec. 682; 2 Jones on Mortgages, sec. 1483; *Bailey v. Trustees* 12 Mo. 174; *Cockrill v. Bane*, 94 Mo. 444. (6) The same rule ought to be enforced against Josephine C. Way, although a married woman. She joined in the deed containing covenants of warranty, and under the statute these covenants ought to bind her "so far as may be necessary effectually to convey from her and her heirs all the right, title and interest expressed to be conveyed" by her deed. *Hill v. West*, 8 Ohio, 222; *Nash v. Spoffird*, 43 Am. Dec. 425; Revised Statutes, 1889, sec. 2396.

BRACE, J.—This is an action in ejectment, in which the plaintiffs seek to recover an undivided three fourths of a tract of land in Saline county. The answer admitted possession, and denied all the other material allegations of the petition. The case was tried before the court without a jury, the judgment was for the defendants and the plaintiffs appeal.

Elizabeth O'Bannon is the common source of title. On the twenty-sixth day of October, 1868, she and her husband duly executed, acknowledged and delivered a warranty deed, conveying the premises to Mary R. Godman "for and during her natural life, and with remainder to the heirs of her body, * * * to have and to hold the premises hereby conveyed with all the rights, privileges and appurtenances thereto belonging

or in anywise appertaining, unto the said Mary R. Godman during her natural life, and then to the heirs of her body and assigns forever." The plaintiffs, William C. Godman, Josephine C. Way and Mattie B. Naylor, are the children of the said Mary R. Godman, who died in March, 1888. Beside the plaintiffs, the said Mary R. Godman had three other children, Burton L. Godman, who died in 1876, Mollie, who intermarried with one Emmerson, and afterwards died in February, 1880, leaving one child, Edward, surviving her, and Beal Godman, who died in September, 1888, without lineal descendants.

The plaintiffs, after showing these facts, rested, and the defendants upon their part introduced in evidence a deed of trust executed by Melvin Godman and the said Mary R. Godman, his wife, the said William C. Godman and wife, John B. Way and the said Josephine C. Way, his wife, and the said Burton L. Godman and Mollie Godman, to Samuel Boyd, trustee, to secure the payment of a promissory note to one George Farlow for $1,300, due one year after date, with power of sale upon default in payment of the debt at maturity. This deed was dated April 4, 1876. The defendants also offered the note secured by said deed of trust, which is signed by all of the grantors therein. The defendants next offered a deed from Samuel Boyd, trustee, to Henry Emmerson, dated October 10, 1877. This deed was made in pursuance of a sale under the power contained in the foregoing deed of trust. The defendants next offered a deed dated October 19, 1878, containing covenants of general warranty from Henry Emmerson and wife to defendant, Henry C. Simmons; and then a deed dated January 27, 1880, from Henry C. Simmons and wife to Melvin Godman. Next a deed of trust of same date from Melvin Godman and wife to W. R. Gist, trustee, to secure an indebtedness due to

said H. C. Simmons, and a deed from Gist, trustee, under the power of sale contained in said deed of trust, to Henry C. Simmons, dated September 1, 1886. The defendants next offered a deed, dated April 3, 1880, from Beal Godman to Melvin Godman, and deed dated May 23, 1881, from Mattie B. Naylor and husband, conveying her undivided interest in the land to Melvin Godman.

The plaintiffs objected to the introduction of each of the foregoing deeds on the ground that the same "was incompetent, irrelevant and immaterial," and the objection in each instance was overruled by the court. They also asked declarations of law, in effect excluding said deeds, and declaring that the plaintiffs had the title to the land sued for, which instructions or declarations of law the court refused to give, and plaintiffs excepted.

I. It is provided by the statute of this state that, "When a remainder shall be limited to the heir or heirs of the body of a person to whom a life estate in the same premises shall be given, the persons who on the termination of the life estate shall be the heirs or heirs of the body of such tenant for life shall be entitled to take as purchasers in fee simple, by virtue of the remainder so limited in them." Revised Statutes, 1889, sec. 8838; Revised Statutes, 1865, sec. 6, p. 422. The deed of Elizabeth O'Bannon came before us for construction in the recent case of *Emmerson v. Hughes*, 110 Mo. 627, and we there held "that the statute just quoted converted the estate tail, created by the deed at common law, into a life estate in the first taker with a contingent remainder in fee simple in favor of those persons who should answer the description of heirs of her body." And as no one can be the heir of a living person it could not be told who the heirs of the body of Mary R. Godman would

be until her death, when the contingent remainder in fee under the deed would vest. And that Mrs. Emmerson, not being alive at that time, took no estate under the deed of Mrs. O'Bannon and conveyed none by the deed of trust to Boyd, made in her lifetime before the death of Mrs. Godman. In her case she had no vested estate at the time the deed was made and no estate ever vested afterwards. Now while the plaintiffs and Beal Godman were in the same relation to the title to the premises as Mrs. Emmerson at the time they made their deeds, they survived their mother, and their remainder, contingent during the lifetime of the mother, became a vested estate at her death. And the main question in the case is, did this estate pass by their deeds?

The deed of trust executed by plaintiffs, William C. Godman and Josephine C. Way, purported to convey to Boyd, trustee, the premises in fee simple, and contained the statutory covenants implied by the use of the words "grant, bargain and sell." The deed of the plaintiff Mattie B. Naylor and husband purported to "grant, bargain and sell" all their interest in the premises to Melvin Godman, in the language of the deed: "The interest hereby intended to be conveyed is the entire interest of Mattie B. Naylor in the above described lands as one of the daughters of Mary R. Godman, whether present or prospective, vested or contingent and especially any remainder she may now have or hereafter be entitled to in said lands under a certain deed made by M. W. O'Bannon and wife to said Mary R. Godman of date October 26, 1868." The deed of Beal Godman, as party of the first part, purported to "remise, release and forever quitclaim" unto the said Melvin Godman party of the second part "all of his right, title, interest and estate in expectancy in and to" the premises, to have and to hold the same,

"so that neither said party of the first part nor his heirs, nor any other person or persons for him or in his name or behalf shall or will claim or demand any right or title in the aforesaid premises or any part thereof, but they and every one of them shall by these presents be excluded and forever barred."

At the time these deeds were made, the plaintiffs, William C. Godman, Josephine C. Way and Mattie B. Naylor, and their brother Beal Godman each had an interest in this real estate. The estate they were to have, however, was contingent upon the death of their mother and their surviving her. The first event was sure to happen, and they were sure to take if they did survive her; but whether they would survive her and thus become heirs of her body was uncertain, and hence the interest they had was no more than a contingent remainder, and a contingent remainder of that class that grows out of the uncertainty of the persons to take at the determination of the life estate. Such an interest was not alienable at common law before the contingency happened. 2 Washburn on Real Property [5 Ed.] sec. 6, side p. 264; Tiedeman on Real Property [2 Ed.] sec. 411; 6 American & English Encyclopedia of Law, p. 900. This rule of the common law seems to have been abolished in England by 8 and 9 Victoria chapter 106, section 6, providing that, "after the first day of October, 1845, a contingent, an executory and a future interest and a possibility, coupled with an interest in any tenements or hereditaments of any tenure, whether the object of the gift or limitation of such interest or possibility be or be not ascertained, also a right of entry, whether immediate or future and whether vested or contingent into or upon any tenements or hereditaments in England of any tenure, may be disposed of by deed;" and by statute in New York,

Michigan, Minnesota and Wisconsin, making all expectant estates alienable in the same maner as estates in possession. 2 Washburn, sec. 5, side p. 267.

In this state, while we have no similar express statute, our statutes do provide "that conveyances of lands, or of any estate or *interest therein*, may be made by deed" (Revised Statutes, 1889, sec. 2395;) that all estates, and *interests* in land are subject to be seized and sold under execution (secs. 4915, 4917); and that any person having an interest in real estate, whether the same be present or future, vested or contingent, can come into partition for the disposal of such interest. Secs. 7136–7137; *Reinders v. Koppelmann*, 68 Mo. 482.

This rule of the common law seems to be inconsistent with the general scope of our statutes regulating the disposal of real estate, and not in harmony with the genius and spirit of our institutions, which brooks no restraint upon the power of the citizen to alienate any of his property. We are pre-eminiently a trading and commercial people; our lands are our greatest stock in trade, and the whole tendency of our laws is to encourage and not restrain their alienation. The spirit and genius of the feudal system and the common law were exactly the reverse. And we do not think this now almost obsolete common-law rule ought to obtain in this state.

The point in question, so far as we are advised, has never been passed upon directly in our appellate courts. But the St. Louis court of appeals had occasion to consider this rule in *Lackland v. Nevins*, 3 Mo. App. 335, and that court, speaking through Judge BAKEWELL, said of it: " The doctrine that contingent interests in real estate cannot be conveyed by law remained as one of the last relics of a system of which the policy was to hinder the alienation of land. It is

now done away with in England by statute. It is contrary to the policy of our system and our statute of conveyances, which says that 'conveyances of land, or of any estate or interest therein, may be made by deed executed.' A contingent remainder is not an estate in lands, since it is merely the chance of having; but it is an *interest* in land, and one which long remained inalienable, simply because it had never been thought worth legislating about; so that, as Williams says (Williams on Real Property, 257), 'the circumstance of a contingent remainder having been so long inalienable at law was a curious relic of the ancient feudal system.' Our statute is careful to make alienable by deed not only estates, but also *interests* in land, which covers the case of executory devises and contingent remainders as fully as if they were named."

In *White v. McPheeters*, 75 Mo. 286, this court seemed to entertain no doubt that, under our statute in regard to executions, which declares that the term real estate as therein used "shall be construed to include all estate and interest in lands, tenements and hereditaments," the sale of a remainder under execution, whether it be regarded as vested or contingent, was authorized. It would be remarkable indeed if it were the law that a citizen had something which by the law of the land he could not sell and transfer himself, but which the sheriff under execution could sell and transfer for him. This ancient common-law rule —that contingent remainders are inalienable, like the rule that choses in action are not assignable—does not obtain in this state; not because there has been a positive statute abolishing these rules, but because they are out of harmony with its general affirmative statute upon these subjects, and long since have ceased —if they ever did exist—as rules governing the action of its citizens in the business relations of life.

If then the contingent interests of the said three plaintiffs and of the said Beal Godman in the premises were the subject of grant by deed duly executed in accordance with the requirements of our laws, the effect of these conveyances was to transfer to the grantees such interests, with all their incidents, to hold in the same right and to the same extent as they were held by the grantors before being conveyed; the grantees were thereby put in their shoes. If the grantors died before the termination of the life estate, the grantees took nothing. If they survived their mother, the grantees took just what the grantors would have taken if the conveyances had not been made. There can be no doubt that such was the intention of the parties, and such ought to be, and we believe is the effect of these conveyances under the laws of this state. This being so, the defendant by a regular chain of conveyances, having acquired the title of the grantees in these deeds to the premises, the judgment of the circuit court was for the right party.

There was some evidence *pro* and *con* upon the question of the delivery of the deed from Beal Godman. It is evident, from the instructions and finding, that the court must have found this question of fact for the defendants, and, as there was evidence tending to support that finding, its judgment thereon is final. The judgment is affirmed. All concur.