SIKEMEIER *et al., Appellants*, v. GALVIN *et al.*

Division One, October 18, 1894.

| 124 | 367[1] |
|-----|--------|
| 131 | 18 |
| 124 | 367 |
| 144 | 250 |
| 124 | 367 |
| 166 | 27 |

1. **Partition:** LIFE TENANT AND REMAINDERMEN. A life tenant and a remainderman may maintain partition against the other remaindermen, though there is a contingent estate in the land which may (in the absence of such partition proceedings) be vested in persons not *in esse*.

2. ——— : ———. The persons not *in esse* are represented by those who take subject to their rights, and the partition sale conveys the whole title and is conclusive on them.

3. ——— : ———: WILL. A partition can not be made in contravention of the will of the testator; but, *held*, that the partition in this case did not contravene the will.

4. **Contingent Remainder.** A contingent remainder is alienable in this state.

*Appeal from St. Louis City Circuit Court.*

REVERSED AND REMANDED.

*Mills & Flitcraft* for appellants.

(1) It is a well settled rule of law that an estate in remainder, to parties who may come *in esse*, may be partitioned. *Reinders v. Koppelmann*, 68 Mo. 482; *Wills v. Slade*, 6 Ves. Ch. 498; 1 Story on Equity Jurisprudence [13 Ed.], sec. 656*a*; *Mead v. Mitchell*, 17 N. Y. 210; *Jenkens v. Fahey*, 73 N. Y. 355; R. S. 1889, sec. 7136. (2) An estate in remainder may be partitioned during the life of the life tenant. *Reinders v. Koppelmann*, 64 Mo. 482; *Preston v. Brant*, 96 Mo. 552; *Gaskell v. Gaskell*, 6 Sim. Ch. 643; *Wills v. Slade*, 6 Ves. Ch. 498; *Baring v. Nash*, 1 Ves. & Bea. 550; 1 Story on Equity Jurisprudence [13 Ed.], sec. 656*a*; *Jenkens v. Fahey*, 73 N. Y. 355. (3) A decree in partition can be made, in an action brought by a life tenant, where the remainder is to persons not *in esse*, which will be binding upon the persons in remainder. 1 Story's Equity Jurisprudence [13 Ed.], sec. 656*a*; *Jenkens v. Fahey*, 73 N. Y. 355. (4) Partition can be maintained by a plaintiff who is tenant for life only. *Gaskell v. Gaskell*, 6 Sim. Ch. 643; *Baring v. Nash*, 1 Ves. & Bea. 550; 1 Story's Eq. Jur. [13 Ed.], sec. 656*a*, p. 665; 2 R. S. 1889, sec. 7132.

*John P. Leahy* for respondents.

(1) Partition can not be made contrary to the will. *Cubbage v. Franklin*, 62 Mo. 364; *Williams v. Hassell*, 74 N. C. 434; *Spaulding v. Woodward*, 53 N. H. 573. (2) Where one party owns the life estate and the other the reversion, neither is entitled to partition as against the other. *Belew v. Jones*, 56 Miss. 342.

BRACE, J.—Dennis Galvin, by his last will and testament, executed in January, 1886, devised all his real estate to his wife, Margaret, for life, and, subject to her life estate, among other devises, made the following: "To my daughter, Margaret Galvin, wife or Henry Sikemeier, for and during her natural life, I give, bequeath and devise a lot in same block number 149, fronting twenty-two feet, six inches, on the east side of Seventh street and running back eastwardly, like the two preceding lots, eighty-two feet in depth, to an alley four feet in width, and on which is erected the building number 804, South Seventh street, and upon her death is to pass to, and to be vested in her right heirs, whether lineal or collateral, as the same would be declared by the present laws of the said state of Missouri concerning descents and distribution;" and by the tenth item thereof provided that: "The different gifts, bequests and devises for life to my daughters may be sold and conveyed in fee simple absolute, by the concurrence in the deed, as parties, of the ostensible heirs and devisees to succeed her in the ownership of the property upon her death, but the proceeds are, with the same concurrence, that is, of the ostensible heirs or devisees, to be reinvested in the purchase of other realty in said city of St. Louis, or in the county of St. Louis, of said state of Missouri, or

VOL. 124—24

loaned out on good real estate security within the same territorial limits; but such reinvestment in realty and loans remains subject to the same trusts and conditions as the realty of the sale of which it is the proceeds."

This suit is brought by the said Margaret Sikemeier and her sister, Nellie Conway, plaintiffs, against her sister, Mary Elizabeth Galvin, and her brothers, John D. Galvin and Mathew J. Galvin, for partition of said lot.

It is alleged in the amended petition, that the widow of the testator is dead; that the said Margaret Sikemeier has no children; that the only living ostensible heirs of the said Margaret, in whom the fee to said lot could be vested at her death, are the said Nellie Conway, Mary Elizabeth Galvin, John D. Galvin and Mathew J. Galvin, her brothers and sisters; that the improvements on said lot consist of a brick dwelling house, which is in a dilapidated condition, the rent from which is very small and insufficient to pay taxes, insurance and other expenses; and that partition thereof can not be made in kind. "Wherefore plaintiffs pray that said premises may be by the court ordered to be sold, and that the interest of the plaintiff, Margaret Sikemeier, may be ascertained and set apart and paid over to her, and that the court adjudicate the rights of the respective parties and apportion the remainder according to the respective rights of the parties entitled thereto, or that such remainder be turned into court to stand for and represent the interest of the heirs of the life tenant in said property, and the same be placed in trust by the court and kept for the heirs of the said Margaret Sikemeier, to be paid to them as they may be entitled upon the decease of the said Margaret Sikemeier, and for such other and further relief as to

the court in equity and good conscious may seem meet and proper."

The defendants, John D. Galvin and Mathew J. Galvin, demurred to the petition, and, the demurrer being sustained, the plaintiffs appeal from the judgment rendered thereon.

1. In *Reinders v. Koppelmann*, 68 Mo. 482, the petitioner was the owner of the life estate in the whole tract proposed to be divided, and also of an interest in the contingent remainder in favor of the persons who, upon the determination of the life estate, would take the fee, and it was held that no objection could be made to the partition on account of the property being subject to the life estate.   Here, one of the petitioners owned the whole life estate, and the other an interest in the contingent remainder, and, by analogy, a like objection ought not to be sustained to the petition herein. In that case it was also held that "a partition will not be refused because there is a contingent estate in the land, which may hereafter be vested in persons not yet *in esse*.   The parties not *in esse* are represented by those who take subject to their rights, and the partition or sale is conclusive."   On the authority of this case, and the cases therein, and in appellant's brief, cited, it would seem that this action can be maintained, unless in contravention of the testator's will; for, it must be remembered, that all the interest that any of the parties have in the real estate, is held under and by virtue of the provisions of the will, and our statute provides that no partition or sale of lands, devised by last will, shall be made contrary to the intention of the testator, expressed in such.   R. S. 1889, sec. 7142.

The effect of this proceeding will be to transfer the title in fee of the lot to the purchaser thereunder, in the lifetime of the life tenant.   There is no express limitation in the will upon the alienation of the

premises, during the life of Mrs. Sikemeier. She, of course, could dispose of her life estate at any time, and so could the remaindermen, as a contingent remainder is alienable under our law. *Godman v. Simmons*, 113 Mo. 122. And the provisions in the tenth item of the will, by which the parties to this action who are the "ostensible heirs or devisees" therein mentioned, are expressly authorized, all concurring, to sell and convey the premises in fee simple, for, reinvestment during the lifetime of the tenant for life can hardly be construed as a prohibition of a resort to a mode of alienation authorized by law, at the instance of one or more of such heirs or devisees, by which the same purpose may be accomplished (R. S. 1889, secs. 7137–7163); for it goes without saying that upon a sale of the premises, in this proceeding, the net proceeds thereof, after the value of the interest of Mrs. Sikemeier has been ascertained and commuted, would have to be reinvested in accordance with the provisions of the will, under the order of the court until the termination of the life estate. We are of the opinion that the demurrer should have been overruled. The judgment, therefore, will be reversed and the cause remanded. All concur, except BARCLAY, J., not sitting.