Vance v. Humphreys.

# W. F. VANCE, Administrator of the estate of LINA VANCE GOFORTH, Respondent, v. T. E. HUMPHREYS and SUSIE HUMPHREYS, Appellants.

### Springfield Court of Appeals, May 8, 1922.

1. **ASSIGNMENTS: Deed by Heirs of Remainderman, Dying Before Life Tenant, Held to Convey Nothing.** Where a remainderman, who had an estate contingent on surviving a life tenant, died prior to the death of a life tenant, deeds by the heirs at law of the deceased remainderman conveyed nothing, since the contingent remainderman did not own an estate of inheritance.

2. **BILLS AND NOTES: Consideration for Note Given to Contingent Minor Remaindeman for Agreement to Convey Interest, Held not to Have Failed.** Where remaindermen, including a minor, holding remainders contingent on their surviving a life tenant, during the life of the life tenant executed a deed, or contract, dividing the land, wherein the minor agreed to convey her interest to another remainderman on reaching majority, for which a note was given, to be paid on her reaching her majority, to be void if she failed to convey as agreed, and she died before reaching majority during the life of the life tenant, there was no failure of consideration of the note, since the deed, although reciting an agreement to convey, operated to convey the minor's contingent interest, and the maker on her death received all that he bargained for had she lived and conveyed her interest to him after reaching majority.

3. **REMAINDERS: Contingent Remainders May be Conveyed.** Contingent remainders in land, no matter on what the contingency depends, are interests in the land and may be conveyed.

4. **———: Title of Grantees of Contingent Remainderman Held to Become Complete on Death of Life Tenant.** Under Revised Statutes 1919, section 2266, providing that, where a grantor undertakes to convey an indefeasible estate in fee simple absolute which shall not have legal title, but shall afterward acquire it, the legal estate subsequently acquired shall immediately pass to the grantee, where remaindermen, whose interest was contingent on their surviving a life tenant, for the purpose of dividing land conveyed by a general warranty to each other, as soon as the title passes to the remaindermen on the death of the life tenant, it will pass to their grantees.

5. **EVIDENCE: Declaration of Parties Before Executing Deed, Held Admissible to Explain Ambiguous Parts.** Conversations between parties to a deed shortly before it was executed were admissible only so far as such conversations might assist in construing any ambiguous part of the deed.

Appeal from Laclede County Circuit Court.—*Hon. L. B. Woodside*, Judge.

AFFIRMED.

*Don C. Vernon* for appellants.

(1) "In a suit upon notes given in consideration of an agreement to convey to defendant a valid fee-simple title, the latter may defend by showing a failure to give such deed. To compel the purchaser, under such circumstances, to pay the purchase money, or any part of it, upon the tender of a deed which manifestly did not convey a complete title to the land purchased, would be a singular administration of equity. It was a contract, as we have observed, executed by all the parties to it, under a mistake and so long as this mistake was not corrected, is not to be enforced against either party." Smith v. Hutchinson, 61 Mo. 83; Secs. 815 and 1404, R. S. 1919. (2) In the absence of fraud, the deed represents the final agreement of the parties, and all oral negotiations or representations were merged into it. Brauckmann v. Leighton, 67 Mo. App. 248; Boggs v. Laundry Co., 86 Mo. App. 616; Huber Mfg. Co. v. Hunter, 87 Mo. App. 50. (3) "But if the contingency is in the person who is to take, as where the remainder is limited to the heirs of one now alive, there is no one who can make an effectual grant or devise of the remainder." White v. McPheeters, 75 Mo. 292. (4) "A conveyance of her interest by a daughter of the life tenant, made in the lifetime of the latter, will pass no title, where the life tenant survives the daughter." Godman v. Simmons, 113 Mo. 122; Nichols v. Robinson, 211 S. W. 15.

*Phil. M. Donnelly* for respondent.

(1) The estate created by the deed to Mrs. Jennie Humphreys was an estate to her for her natural life and the remainder to the heirs of her body at her death. Sec. 2267, R. S. 1919. (2) This vested in the heirs of her body a contingent remainder, and a contingent remainder may be conveyed by the owner thereof under the laws of this State. Brown v. Fulkerson, 125 Mo. 400; Bradley v. Goff, 243 Mo. 95. (3) The deed of a minor is not void but only voidable after he reaches his majority. Peterson v. Laik, 24 Mo. 541; Huth v. Carondelet, etc., 56 Mo. 202; Singer Mfg. Co. v. Lamb, 81 Mo. 225.

COX, P. J.—Action on a note and for foreclosure of a deed of trust securing it. Trial by court; judgment for plaintiff and defendants have appealed.

The execution of the note and deed of trust were admitted but failure of consideration pleaded as a defense. The controversy arose out of the following facts: Certain land in Laclede County, Missouri, had been conveyed by deed to Jennie A. Humphreys for life with remainder to her bodily heirs. Jennie A. Humphreys is still living but had conceived the idea that she wanted the land divided in her lifetime so there would be no trouble after she was dead. On October 19, 1914, she had four children and one granddaughter, a child of a deceased daughter, living. These were the only heirs apparent of her body at that time. Three of the children, to-wit: Della Fletcher, Mollie Webb and T. E. Humphreys were adults and married. Relda Humphreys and the granddaughters, Lina Vance, were minors. On October 19, 1914, Jennie A. Humphreys, the three adult children and the father and grandfather of the minor, Lina Vance, who represented her, met at the office of Mr. Kellerman, a lawyer in Lebanon, and Jennie A. Humphreys then inquired of Mr. Kellerman whether a division of the land could be made. He examined the title and informed them that the minors could not make deeds that would

bind them so that they could not repudiate them when they reached their majorities and also informed them that Jennie A. Humphreys, the mother, only had a life estate and the fee was in her bodily heirs and her bodily heirs that were living at her death would be the persons that would take the land but that a division could be made that would bind all except the minors and that if they did not repudiate it when they became of age, they would be bound also. As a result of this conversation, it was agreed among those present that a division should be made as the mother seems to have wished it. In this division, defendant T. E. Humphrey and Lina Vance, one of the minors, was to have the 140 acres described in the deed of trust sought to be foreclosed in this case, but this 140 acres could not well be divided so it was agreed that T. E. Humphrey should buy the interest of Lina Vance for $500, and since she was a minor and they knew she could not make a binding contract at that time, it was agreed for her to sign the deed with the others conveying the land to T. E. Humphreys and he and his wife would execute a note for $500 payable to her on or before April 18, 1921, when she would reach her majority and secure it by a mortgage on the land. This was done.

"$500. Lebanon, Mo., Oct. 19, 1914.

On or before April 18, 1921, on delivery or tender of delivery of a deed more fully described and hereinafter referred to we promise to pay Lina Vance or her order Five Hundred Dollars at Lebanon, Mo., for value received, negotiable and payable without defalcation or discount and with interest from date at the rate of eight per cent per annum. Said interest shall become as principal at end of each and every year, and shall draw interest at the same rate and be due and payable at same time as the principal.

This note is given for the purchase price of the West half of the Northwest quarter and the Southeast quarter of the Northwest quarter and the Northeast half of the Northeast quarter of the Southwest quarter of section 9, in Township 32, Range 14, *and should*

*the payee of this note fail or refuse to deliver or tender delivery of deed to said land according to a contract of even date herewith signed by the parties to this note and the children of Jennie A. Humphreys and others, then this note to be null and void;* otherwise to be and remain in full force and effect.

(Signed) T. E. HUMPHREY<br>(Signed) SUSIE HUMPHREY."

The deed of trust is in the usual form. To consummate the division of the land, a deed was drawn up by Mr. Kellerman and signed and acknowledged by all the parties and the husbands and wives of those who were married, including both the minors and also D. A. Vance and Wm. L. Vance, the father and grandfather of the minor Lina Vance.

This deed is as follows: "THIS INDENTURE, made on this 19th day of October, 1914, by and between Mollie Webb, Della Fletcher, Emmett Humphreys, Relda Humphreys, W. F. Vance, Daniel Vance and Lina Vance, parties.

"WITNESSETH: That, whereas, Mollie Webb, Della Fletcher, Emmett Humphreys and Relda Humphreys of legal age, except Relda Humphreys, sole and only children of Jennie A. Humphreys, and Lina Vance, a minor and grandchild of said Jennie A. Humphreys, are the sole and only heirs inchoate of the body of Jennie A. Humphreys and as such are the prospective owners in fee of land in Laclede County, Missouri, hereinafter fully set out and described:

"And whereas W. F. Vance is the grandfather and has present actual custody and Daniel Vance is the father and natural guardian of said Lina Vance;

"And, whereas, the said heirs inchoate of the body of said Jennie A. Humphreys are desirous of making a present division of land hereinafter set out among themselves so that each for himself and herself may make any betterment and improvement he or she may wish on the particular tract he or she may receive and know that said improvement and betterment will enure

to the one so making, have agreed that the division shall be as follows:

"Mollie Webb shall take (certain lands).

"Della Fletcher shall take (certain lands).

"Relda Humphreys shall take (certain lands).

"Emmett Humphreys and Lina Vance shall take the West half of the Northwest quarter and the Southeast quarter of the Northwest quarter and the Northeast half of the Northeast quarter of the Southwest quarter of section 9, Township 32, Range 14; and for a further division between said Emmett Humphreys and Lina Vance, the said Lina Vance agrees to sell to said Emmett Humphreys her interest in said last above described tract and said Emmett Humphreys agrees to purchase same at and for the price and sum of $500 with interest from date at the rate of 8% compounding at annual rests. The said principal sum and interest so compounding shall be due and payable on the 18th day of April, 1921, or at any prior period when said Lina Vance or any one for her is able to make a good and legal deed of conveyance that will effectually convey a good title to said land and does make and deliver or tender delivery of such deed of conveyance to said Emmett Humphreys for said land and does further ratify all her agreements and covenants in this instrument entered into:

"And, whereas, said Emmett Humphreys has made, executed and delivered to said Lina Vance his promissory note in the sum or $500, due on or before April 18, 1921, bearing interest at the rate of eight per cent per annum and the said interest to bear interest at the same rate compounding annually, but to be null and void if said Lina Vance shall fail to tender delivery of a deed conveying a sufficient and legal title to the land above set out, which note is secured by deed of trust as evidenced by note and deed of trust separate from this instrument.

"And, whereas, the said W. F. Vance and Daniel Vance, grandfather and father respectively of said Lina

Vance, being present and fully advised of all agreements and covenants herein entered into have consented and advised said Lina Vance to become a party to this agreement.

"Now, therefore, the parties to this Indenture do hereby bind themselves and their heirs to use their best and every effort to make the agreements and covenants herein entered into effectual in every respect for the division of the land hereinbefore described in the manner hereinbefore set out.

"Further now Della Fletcher and her husband, Emmett Humphreys and his wife, Relda Humphreys and Lina Vance for and in consideration of the sum of $1 to them paid and the agreements and covenants herein entered into, do by these presents Grant, Bargain and Sell unto Mollie Webb (certain lands).

"To Have and to Hold the premises aforesaid, with the rights, privileges, appurtenances and immunities unto said Mollie Webb and unto her heirs and assigns forever.

"And Mollie Webb and her husband, Emmett Humphreys and his wife, Relda Humphreys and Lina Vance for and in consideration of the sum of $1 to them paid and the agreements and covenants herein entered into, do by these presents Grant, Bargain and Sell unto Della Fletcher (certain lands).

"To Have and to Hold the premises aforesaid, with all the rights, privileges and appurtenances thereto belonging unto said Della Fletcher and unto her heirs and assigns forever.

"And Mollie Webb and her husband, Della Fletcher and her husband, Emmett Humphreys and his wife, and Lina Vance for and in consideration of the sum of $1 to them paid and the agreements and covenants herein entered into, do by these presents Grant, Bargain and Sell unto Relda Humphreys (certain lands).

"To Have and to Hold the premises aforesaid, with all rights, privileges and appurtenances thereto belonging unto the said Relda Humphreys and unto her heirs and assigns forever.

"And Mollie Webb and her husband, Della Fletcher and her husband, Relda Humphreys and Lina Vance, for and in consideration of the sum of $1 to them paid and the agreements and covenants herein entered into, do by these presents Grant, Bargain and Sell unto Emmett Humphreys the West half of the Northwest quarter and the Southeast quarter of the Northwest quarter and the Northeast half of the Northeast quarter of the Southwest quarter of section 9, Township 32, Range 14, containing 140 acres, more or less.

"To Have and to Hold the premises aforesaid, with all rights, privileges and appurtenances thereto belonging unto said Emmett Humphreys and unto his heirs and assigns forever.

"The said Mollie Webb, Della Fletcher, Emmett Humphreys, Relda Humphreys and Lina Vance hereby convenanting that they are lawfully seized of an indefeasible estate in fee in the premises herein conveyed; that they have good right to convey the same; that the said premises are free and clear of any incumbrances done or suffered by them or those under whom they claim, and that they will warrant and defend the title to the said premises unto the respective parties to whom they are conveying by this instrument and unto their heirs and assigns forever against the lawful claims and demands of all persons whomsoever.

"In Testimony Whereof, the parties to this instrument have hereunto set their hands and seals this the 19th day of October, 1914.

> "Della Fletcher, (Seal)
> "Henry Fletcher, (Seal)
> "Mollie Webb, (Seal)
> "D. E. Webb, (Seal)
> "T. E. Humphreys, (Seal)
> "Susie Humphreys, (Seal)
> "D. A. Vance, (Seal)
> "Wm. L. Vance, (Seal)
> "Lina Vance, (Seal)
> "Relda Humphreys, (Seal)"

Emmett Humphreys mentioned in the deed is the same party as defendant T. E. Humphreys. Relda Humphreys was almost of age at that time and it is fair to assume had ratified the deed after she became of age and before this suit was filed. Lina Vance, the other minor, intermarried with Vincent C. Goforth and died without issue February 10, 1921. After her death, her husband, Vincent C. Goforth and her father D. A. Vance, as her heirs at law, executed and tendered to defendants a quitclaim deed to the land covered by the deed of trust and W. F. Vance, the administrator of Lina Vance, deceased, then demanded payment of the note above set out which was refused and this suit followed.

The deed from Vincent C. Goforth and D. A. Vance to defendants conveyed nothing. The interest owned by Lina Vance was a contingent interest dependent upon her outliving Jennie A. Humphreys, the life tenant, and she having died before the life tenant, her interest did not pass by inheritance to these parties. She did not own an estate of inheritance.

As stated, the defense is failure of consideration. Attention is first called to the provision in the note that it is given for the purchase price of the land (describing it) and which is followed by the following: "and should the payee of this note fail or refuse to deliver or tender delivery of deed to said land according to a contract of even date hereinafter signed by the parties to this note and the children of Jennie A. Humphreys and others, then this note to be null and void; otherwise to be and remain in full force and effect."

The contract mentioned in the note is the deed above set out. The contention is that by the terms of the note and the contract referred to therein, the principal was not to be paid until somebody could tender defendants a deed that would convey a good and complete title in fee to the land. This note must be considered in connection with the deed or contract executed by the parties at the same time. That deed recites the purpose the parties had in view in executing it, which was to secure

a division of the land at once and permit each party to enter thereon and make such improvements as might be desired and know that finally, after the death of the mother, the full title to the land apportioned to each one would pass to and vest in that person. These defendants joined in that purpose and then attempted consummation by the execution of the above deed. They were not buying from a stranger. They were acting in conjunction with the other bodily heirs apparent of Jennie A. Humphreys in an effort to do at that time what they would be fully authorized to do after she was dead. They proceeded on the theory and in the belief that they would all outlive the mother and they could as well make the division then as after her death. It is clear to us that if Lina Vance had been of full age the note would not have contained the provision above set out. When the note and deed are considered together in the light of the situation of the parties and the purposes sought to be accomplished in its execution, we think a fair construction of the terms of the note and deed will lead to the conclusion that what was really meant by the parties was that if Lina Vance, the minor, should not ratify the agreement when she became of age, then she could not collect the note. Had she lived until she reached her majority and had then ratified the deed or tendered another deed conveying this land to defendants, we would have no hesitancy in saying that the defense of failure of consideration would not have been sustained, yet a deed from her after reaching her majority would have made defendant's title no better than it now is. Except for the result of the provision of warranty in the deed, to be discussed later, none of the heirs apparent were in position to convey a title that was certain to become a fee title. In this situation this conveyance was made and each received all that he bargained for which was merely the contingent remainder passed by those who joined in the conveyance. [Godman v. Simmons, 113 Mo. 122, 20 S. W. 972.]

The life tenant being still alive, the interests of the parties are all still contingent. Lina Vance having died,

the interest she conveyed or attempted to convey has passed from her but she had an interest which passed by her deed subject to her right to repudiate it when she came of age. It was a contingent interest, it is true, but it was an interest in the land and its conveyance, had she not been a minor would have been a sufficient consideration for the note. While Lina was a minor and could not then convey her interest in such a way as to bind her beyond recall, there were two—Mollie Webb and Della Fletcher—whose deed to defendants was valid and conveyed all the interest they had and defendants still have that interest. That is not all. While the death of Lina Vance removes the possibility of her contingent interest ever becoming vested in her or her grantee by reason of the deed, yet her death will increase the interest going to the others, if they survive the life tenant, and on the death of the life tenant, the interest which shall then become vested in the parties to this deed who shall survive her, will by reason of the warranty in the deed pass, *eo instanster*, to the defendants. Defendants title therefore has not failed. They now own all the interest in the land mortgaged that was owned by the two adults who joined in the deed at the time and all their interest that came to them by reason of the death of Lina Vance, and assuming that the other minor, Relda Humphreys, has ratified her conveyance, they own her interest in it also. Since the death of Lina Vance, there are now but four heirs apparent, each owning a contingent interest in the land in which their mother owns a life estate, and by reason of the deed aforesaid, defendants own the entire contingent interest of all of them in the land conveyed to them by the deed so they own all they would have owned had Lina Vance lived to reach her majority and had executed the deed that the note on its face calls for. They have lost nothing by the death of Lina Vance. If the children of Jennie A. Humphreys, to-wit: Della Fletcher, Mollie Webb, T. E. Humphreys and Relda Humphreys are all alive at the death of their mother, then defendants will at that time become the owners of

the fee in the land covered by the deed of trust. This is true by reason of the terms of the warranty contained in the deed. Had there been no deed, the title to the land at the death of the life tenant would have passed to the four children as heirs of the body of Jennie A. Humphreys, if they survived her, each a one-fourth interest, but it is now well settled that contingent remainders in land no matter on what the contingency depends is an interest in the land and such interest may be conveyed. [Godman v. Simmons, 113 Mo. 122, 20 S. W. 972; Hartnett v. Langen, 282 Mo. 471, 493, 222 S. W. 403; McFarland v. Bishop, 282 Mo. 534, 552, 222 S. W. 143.]

The other bodily heirs apparent having conveyed by a general warranty to defendants, the entire title as soon as it passes to them, if it does so pass, by reason of the death of the life tenant will, by reason of such warranty, pass to defendants and their title will then be complete. [Stat. 1919, sec. 2266; Johnson v. Johnson, 170 Mo. 34, 70 S. W. 241; Cockrill v. Bane, 94 Mo. 44, 7 S. W. 480.]

The only contingency which may defeat any part of defendants' title will be for one or more of the children of Jennie A. Humphreys to die leaving issue before her death or for other children to be born to Jennie A. Humphreys. In the event either of the children now living should die and leave issue before the death of the life tenant, such issue would take title to their part of the land under the deed which conveyed the life estate to Jennie A. Humphreys and would not pass by reason of the warranty in the deed which we have been considering and defendants' title would be defeated to that extent, but as we have already said, it was not that contingency that was sought to be guarded against by the terms of the deed in which all joined nor by the terms of the note in suit. What was intended to be guarded against was the possibility of Lina Vance repudiating the deed when she became of age. That possibility having safely passed and defendants being now possessed of all the interest

they would have possessed had Lina Vance ratified and made a new deed after reaching her majority, the consideration for the note has not failed.

Some objection was made to the admission of testimony detailing conversations between some of the parties at Mr. Kellerman's office before the deed was executed. The trial court held such testimony competent in so far and only so far as it might assist in construing any part of the deed that should be ambiguous. The court was right in his declaration of the law on that question. We do not deem it necessary to discuss this testimony at length. Part of it, at least, was competent to show what brought the parties together and how the deed came to be written and executed and beyond that, the deed and note when construed in the light of the circumstances surrounding the parties discloses the purposes of the parties and the proper construction to be put upon the instrument.

The judgment is affirmed. *Farrington, J.*, and *Bradley, J.*, concur.