[S. F. No. 13386. In Bank.—February 17, 1931.]

FRANCES SINCLAIR, Plaintiff and Appellant, v. GEORGE L. CRABTREE, Defendant and Appellant; WELLS FARGO BANK & UNION TRUST CO (a Corporation), Defendant and Respondent.

Glensor, Clewe & Van Dine for Plaintiff and Appellant.

George D. Collins for Defendant and Appellant.

H. F. Chadbourne for Respondent.

CURTIS, J.—In the estate of Cornelia Bowman, deceased, certain property consisting of money and corporate stock, was decreed and distributed to the Union Trust Company upon the following trust conditions: "To invest and keep the said trust estate invested so that income might be derived therefrom and to use the income of the said trust estate according to its best judgment for the maintenance and education of Fannie Sinclair, the great-granddaughter of decedent, until she attained the age of eighteen years; the net income of said trust estate to be paid to said Fannie Sinclair, after she shall have attained the age of eighteen years, at convenient intervals until she attains the age of

twenty-four years, and when said Fannie Sinclair attains the age of twenty-four years, the trust to cease and the trust estate to pass to, vest in, and be by said trustee paid over and delivered to said Fannie Sinclair.''

Frances Sinclair, named in said trust provision of said decree as Fannie Sinclair, attained the age of twenty-four years on December 8, 1927. Prior thereto, however, and on the thirtieth day of October, 1923, and when she was over eighteen years old, and therefore of legal age, the said Frances Sinclair executed and delivered to George L. Crabtree what purported to be a conveyance of said trust property. The consideration paid by the said Crabtree for said conveyance was the sum of $8,300. The conveyance was absolute in form and purported to convey the legal title to said property and not as security for the money advanced. The value of the trust property at the date of said purported conveyance was the sum of $25,849.28, subject to a lien of $7,500 held by John A. Bergerot. After reaching the age of twenty-four years the said Frances Sinclair instituted this action for the purpose of having the rights of said parties in and to said trust property determined by a decree of court. In her complaint she set forth the facts as related above and offered to do equity and to allow judgment and decree to be entered against her providing for the payment of said sum of $8,300 to said George L. Crabtree, with whatever rate of interest the court might adjudge reasonable, but asked that she be declared the owner of said property, subject to the liens of J. A. Bergerot and defendant Crabtree. The defendant Crabtree answered, setting up said conveyance and claiming to be the legal owner of the whole of said trust property, subject only to the said lien of J. A. Bergerot. Upon the issues thus made by the pleadings a trial was had and resulted in a judgment and decree that the defendant Crabtree had an equitable lien upon said trust property as security for the payment to him of the said sum of $8,300, with interest thereon at the rate of twelve per cent per annum from the thirtieth day of October, 1923, to the date of said judgment, the interest amounting at the date of said judgment to the sum of $5,118.31, and that plaintiff was entitled to all the rest and remainder of said trust property, after the payment of the lien of said George L. Crabtree. The Bergerot lien had

been paid prior to the entry of said judgment. From this judgment each party has appealed. The plaintiff has appealed from that part of said judgment wherein it is adjudged and decreed that interest shall be allowed on said sum of $8,300 at the rate of twelve per cent per annum, from October 30, 1923, to the date of said judgment. The defendant Crabtree has appealed from said judgment as a whole, his contention being that said judgment is erroneous in failing to adjudge him to be the legal owner of all of said property.

John A. Bergerot was made a party to the action by reason of his ownership of said lien of $7,500. As said lien has been paid, he is no longer an interested party herein. The Wells Fargo Bank & Union Trust Co. is the successor in interest of the Union Trust Company. It has no interest in the result of this action except to have the question of ownership of said trust property determined by a decree of court.

The principal controversy involved herein grows out of the appeal of the defendant Crabtree, who will hereafter be referred to as the defendant, and for that reason we will devote our first consideration to the questions arising therein. Furthermore, should these questions be determined in favor of the defendant it will not be necessary for us to pass upon the merits of plaintiff's appeal.

The rights of the parties hereto in and to said trust property depend entirely upon the meaning and effect to be given to the trust clause of the decree of distribution in the estate of Cornelia Bowman, deceased, which clause we have already set out in full herein. The contention of the defendant is that Frances Sinclair received by said decree a vested interest in said trust property, which passed to him by said conveyance of October 30, 1923, and that he thereby became the legal owner of said trust property, subject only to the prior lien held by J. A. Bergerot. Defendant further contends that even if Frances Sinclair by said decree became the owner of only a contingent interest in said trust funds at the date of the death of Cornelia Bowman, such interest could be conveyed by her after she became of legal age, and upon her arriving at the age of twenty-four years this interest became a vested interest and passed to the de-

fendant by virtue of the prior conveyance to him by the said Frances Sinclair.

Plaintiff contends that her interest in said trust property prior to attaining the age of twenty-four years was only a contingent interest therein or a mere possibility; that it was not subject to alienation prior to her reaching that age; and that at most any attempted conveyance by her of her said interest, prior to the time she became twenty-four years of age, created only an equitable lien against said trust property, enforceable in a court of equity wherein the amount of defendant's recovery would be limited to the sum advanced by him with reasonable interest.

■ As we view the case, the question as to whether the interest of Frances Sinclair in the trust property was contingent or vested is not a matter of controlling importance. It is conceded by the plaintiff that if her interest at the date of said conveyance was a vested interest in said trust property, said conveyance was a valid and legal transfer of said property to the defendant, and the latter thereby acquired a legal title to said property. She contends, however, that if her interest in said property under said decree of distribution was only a contingent interest she was incapable of transferring a legal title to said trust property until she attained the age of twenty-four years. In this contention we cannot agree. A future interest in property is declared by section 693 of the Civil Code to be either vested or contingent. By section 699 of the Civil Code it is provided that, "Future interests pass by succession, will, and transfer, in the same manner as present interests". In *Gray* v. *Union Trust Co.*, 171 Cal. 637, 642 [154 Pac. 306, 309], the court held, speaking of certain trusts created under a deed executed by the plaintiff Gray, "Everything . . . which the law contemplates shall exist for the creating of equitable remainders or remainders in trust is found in this trust. Whether they be regarded as vested or contingent is immaterial, for in either case the estate or interest is alienable". In support of the foregoing ruling, the following authorities were cited: *Davis* v. *Willson*, 115 Ky. 639 [74 S. W. 696], *McDonald* v. *Bayard Sav. Bank*, 123 Iowa, 413 [98 N. W. 1025], and *Sikemeier* v. *Galvin*, 124 Mo. 367 [27 S. W. 551].

In the first of these cases, the Supreme Court of Kentucky after referring to the rule of common law that, "as no title passed to the contingent remaindermen until the happening of the contingency, there could be no sale in the interim", called attention to the statute of that state and held as follows: "But section 6, art. 1, c. 63 Gen. St. (Section 2341 Ky. St.) provides: 'Any interest in, or claim to, real estate may be disposed of by deed, or will, in writing.' This provision clearly embraces a contingent remainder interest in the land."

In the second of the cases just cited, the Supreme Court of the state of Iowa had this to say regarding the right of the holder of a contingent remainder to alienate the same: "It may be conceded for the purposes of this case that the plaintiffs, at the time of making the quitclaim deed, were contingent remaindermen, having only a possibility of ever coming into possession; but, however remote and uncertain this remainder may have been, there was still a possibility, coupled with an interest, which might at some future time ripen into an estate. 1 Tiffany's R. P. 306. At the time the deed was executed, James McDonald was unmarried and without issue. If he died without issue, and the plaintiffs survived him, they would immediately come into possession of the estate under the provisions of the testator's will. True, this contingency might never happen, but there was a possibility that it might; and this possibility created, in our judgment, a contingent interest or concern in the land, which existed at the time of the conveyance. *Godman* v. *Simmons,* 113 Mo. 122 [20 S. W. 972]. This interest was not a mere expectancy. In 2 Fearn on Remainders, p. 23, an expectancy or chance is defined as 'a mere hope, unfounded in any limitation, possession, trust, or legal act whatever—such as the hope which an heir apparent has of succeeding to the ancestor's estate. This is sometimes said to be a bare or mere possibility. It is a possibility in the popular sense of the term. But it is less than a possibility in the specific sense of the term "possibility". For it is no right at all, in contemplation of law, even by possibility, because, in the case of a mere expectancy, nothing has been done to create an obligation in any event; and, where there is no obligation, there can be no right, for "right" and "obligation" are correlative terms'. The interests of

the appellants, then, were not mere expectancies. They have their foundation in the 'provision', the 'legal act' of the will. *Jeffers* v. *Lampson,* 10 Ohio St. 101. If this be true, it follows that under this statute every conceivable interest in the estate, 'whether present or future, vested or contingent, and however acquired', passed by the deed.''

The statutes in these states while differing in some respects from section 699 of the Civil Code of this state are like it in the one respect in which we are concerned in this action. They all in effect empower the holder of the estate in remainder to alienate his interest in said state. The statutes of the states of Kentucky and Iowa provide generally that any interest in real estate may be disposed of by deed, which the courts of these states have held are broad enough to include the transfer of contingent interests in real property. The section of the code of our state is more direct and specific and applies to future estates, and expressly provides that future interests pass by transfer in the same manner as present interests. That "future interests" in property include both vested and contingent interests, we think there can be no question. ■ We are, therefore, satisfied that when Frances Sinclair executed and delivered to the defendant, after she became of legal age, but prior to the complete vesting in her of the absolute title to said trust property, the conveyance above referred to, she divested herself of all her interest in said trust property and that by said conveyance the defendant became the owner of said property, contingent only upon Frances Sinclair's attaining the age of twenty-four years. Upon her becoming twenty-four years of age, the defendant became the absolute owner of the present legal title thereto.

The contention of plaintiff that this case is governed by the rule enunciated in *Bridge* v. *Kedon,* 163 Cal. 493 [43 L. R. A. (N. S.) 404, 126 Pac. 149], we think cannot be sustained. That case involved a conveyance or assignment of the expectant interest by an heir in the estate of his mother, who was living at the date of said conveyance. It was held that such a conveyance, while it did not create any legal interest in the estate, would be enforced by the courts as an equitable assignment of the interest of the heir after the death of his mother. Such an assignment, it was held, would only be enforceable in a court of equity, and the

recovery thereunder would be controlled by equitable principles. Accordingly this court in that case affirmed the judgment of the trial court which upheld the assignment which was given to secure four promissory notes, one of which bore interest at the rate of three per cent per month and the other at the rate of two and a half per cent per month, but limited recovery to the principal of said notes and interest thereon at the rate of twelve per cent per annum. Plaintiff contends that she is in the same position as the heir in that case was and that, therefore, her assignment was not a legal transfer of her interest in the trust property, but created only an equitable lien in favor of the defendant for the money advanced by defendant, and that defendant's right in said trust property should be limited to a lien thereon for the amount of money so advanced with reasonable interest. But as we have seen, plaintiff's interest in said trust property at the date of said conveyance was greater than that of an heir of his expectant interest in the estate of his ancestor. It was a future interest in said property, and even if but a contingent interest it was such an interest as might be the subject of a legal transfer by her. By this transfer the defendant became the legal owner of whatever right the plaintiff had in said trust property, which was the right to the *corpus* thereof upon the plaintiff attaining the age of twenty-four years.

Plaintiff has cited an excerpt from 23 Ruling Case Law, page 574, to the effect that under the common law a contingent remainder could not be the subject of a transfer. Conceding that this was the rule at common law, this rule has been changed by the statutes of this state. (Sec. 699, Civ. Code; *Gray* v. *Union Trust Co., supra.*) Section 953 of Pomeroy's Equity Jurisprudence, fourth edition, is not applicable for the same reason.

In this action the defendant interposed a general demurrer to plaintiff's complaint, which was overruled by the trial court. This ruling we think was erroneous. Plaintiff in her complaint set forth portions of the decree of distribution in the estate of Cornelia Bowman, deceased, which provided for the creation in her of said interest in said trust property. She then alleged the conveyance thereof to the defendant and asked the court to construe this conveyance as an equitable lien in favor of defendant upon said trust

532

property and to decree her to be the owner thereof, subject to said lien. From what we have already said, it is clear that said complaint stated no cause of action against the defendants, or either of them. The demurrer should have been sustained.

The judgment herein is reversed, with directions to the trial court to sustain the defendant's demurrer to the complaint and to dismiss said action.

Langdon, J., Preston, J., Shenk, J., Seawell, J., Richards, J., and Waste, C. J., concurred.