[Civ. No. 4723.   Fourth Dist.   Jan. 25, 1954.]

MARY S. BRIGGS, Appellant, v. GARRETT H. BRIGGS
et al., Respondents.

Harold A. McCabe for Appellant.

Hazlett & Plummer and John N. Hurtt for Respondents.

MUSSELL, J.—Plaintiff, the former wife of defendant
Garrett H. Briggs, brought this action to obtain a judgment
determining that certain real property in Orange County is
the community property of plaintiff and said defendant. She
also seeks damages for the loss of her community property
interest therein in the event that it cannot be conveyed to her.

On May 17, 1940, an order settling final account and for
distribution was made and entered in the matter of the estate
of Jesse O. Belton, deceased.  By this order there was dis-
tributed to defendants herein, as trustees, certain property,
of which the real property herein involved was a part, in trust,
"for the sole and exclusive benefit and use of Nellie T. Bel-
ton, widow of decedent, to use and enjoy the corpus as well
as the income at the times she has need for moneys during her
life." It was further provided in said order that "if there
be any residue in this estate, then the trust shall terminate
and the remainder go to her heirs or to whom she so wills.

. . . Said trustees are authorized at any time or times to sell the whole or any part or parts of the residuary real and personal estate, either together, or in parcels, and either by public auction or private contract, and upon such terms and subject to such conditions, and in such manner in all respects as they shall think fit, with power to buy in, or rescind, or vary any contract for sale, and to resell without being responsible for loss, and for the purposes aforesaid to execute all deeds, assurances or things as they shall think fit.''

Sometime in 1943 defendant Nellie T. Belton, in her individual capacity and not as trustee of said trust, executed to defendant Garrett H. Briggs, in his individual capacity and not as a trustee of said trust, a grant deed purporting to convey to defendant Garrett H. Briggs, subject to said trust and all the provisions and terms thereof, the real property here involved. This deed was never recorded and was destroyed by defendant Briggs in the ''latter part of 1943 or early part of 1944.''

On May 24, 1949, plaintiff Mary S. Briggs obtained an interlocutory decree of divorce against defendant Garrett H. Briggs. It is recited in this decree that Nellie T. Belton during the year 1943 conveyed the property here involved to Garrett H. Briggs; that he at no time reconveyed the property to Nellie T. Belton or to any person, association or corporation and ''that no disposition at this time as to the said Orange county real property and appurtenant stock be made by this court and that this court ought not and does not at this time determine the respective rights and interests of the said husband and wife therein or thereto, and the court does not at this time make any division thereof as between said husband and wife; and that the community rights and interests, if any, of said husband and wife in and to said real property and appurtenant stock be determined and assigned in a subsequent action.''

The trial court herein found the related facts to be true and concluded that ''under the provisions of said order settling final account and for distribution the legal title to the real property covered by said grant deed was at the time of the execution and delivery thereof in the trustees named in said order for distribution, to wit, in Nellie T. Belton and Garrett H. Briggs as such trustees, and the equitable title to said real property, to wit, a life interest as beneficiary was in Nellie T. Belton in her individual capacity, and a future interest, namely, a contingent remainder, in said real property

was in 'her heirs or to whom she so wills.' ''; that "since the grant deed executed by defendant Nellie T. Belton and to defendant Garrett H. Briggs by its terms expressly excludes therefrom the trust and its terms and provisions, and since none of the heirs of Nellie T. Belton, and none of the persons to whom she has willed, or may will, the property covered by said deed joined in the same as grantors, nothing passed or was conveyed by the execution and delivery of said deed"; and that "accordingly, neither plaintiff Mary S. Briggs, nor defendant Garrett H. Briggs acquired any interest in said real property by the execution and delivery of said deed, and plaintiff should take nothing under or by reason of her amended complaint in the above entitled action."

Plaintiff appeals from the judgment thereupon entered contending that the court was incorrect as a matter of law and that the deed from Nellie T. Belton to defendant Briggs conveyed title to the property to him. The conclusions reached by the trial court are correct and the judgment that plaintiff take nothing is supported by the evidence.

In *Gray* v. *Union Trust Co.*, 171 Cal. 637 [154 P. 306], plaintiff, by two instruments of the same date, made by one of them a transfer to defendant in absolute form of certain real and personal property. By the second she declared the trusts upon which defendant, as trustee, was to hold the property. Plaintiff was an unmarried woman and her mother and other relatives were living and would inherit and succeed to the property if plaintiff died intestate. Plaintiff brought the action to terminate the trust, contending that it was determinable at her pleasure. The property subject to the trust came to plaintiff through the will of one Mary E. Bithell and the "original investment" of funds received from the estate could only be made with the concurrence of the trustor. The conveyance was made to defendant "to manage said trust property as hereinafter provided" and after the original investment was made with the concurrence of the trustor, the trustee was empowered "thereafter from time to time to make investments and reinvestments as in its discretion may seem necessary and proper without consulting the trustor . . . The net income, revenue and profit, less the charges for services of the trustee shall be paid by said trustee to said trustor." The trust instrument also provided that "This trust shall be irrevocable and shall last during the lifetime of said trustor, and upon her death the trust property shall go to and vest as she shall provide in her last will and testament, and leaving

no last will and testament, said property shall go to and vest in her heirs at law, according to the laws of succession of the State of California as such laws now exist.'' The Supreme Court held that:

"Plaintiff's usufructory interest in the whole estate during her life is her equitable life estate, to which is added the power of nominating those who shall take the legal and equitable fee at her death and thus terminate the trust. The trust itself is not a dry, naked trust, since active duties are imposed upon the trustee during the life of the plaintiff, and a no less active duty upon her death in causing to be determined, should she fail to nominate, those entitled to take the property. The settlor or trustor reserved no power of revocation, and the trust is therefore irrevocable by any act of plaintiff. (Citing cases.) . . . It is only when all the parties in interest are before a court, when each is sui generis, and all join in the application, that a court of equity ever terminates a valid trust. . . . We have in this trust apt language to create such a future estate, dependent for its enjoyment upon the termination of a precedent life estate. . . . There is in this trust a power of appointment or nomination reserved to the trustor. It can be exercised in but one way, and that is by her will. But such power of appointment does not prevent the vesting of the future estate in remainder. . . . But in truth these remainders are to be regarded as vested remainders, subject to divestiture only upon the exercise of the power of nomination by will reserved to the trustor. . . . This remainder, although not capable of immediate enjoyment . . . and, therefore denominated a future interest, is nevertheless an estate in the property capable of being transferred in the same manner as a present interest.''

In the instant case, while the remainder is subject to divestiture by the power of nomination by will reserved to Nellie T. Belton and by sale and exhaustion of the funds received therefrom in accordance with the terms of the trust, it nevertheless was a remainder interest which could not be otherwise disposed of by her. The future interest of the contingent remaindermen who are to take the property upon the death of Nellie T. Belton could not be divested by her act of forfeiting her intermediate or precedent interest. (*Estate of Lefranc*, 38 Cal.2d 289, 297 [239 P.2d 617].) Nellie T. Belton was not empowered to make a valid deed to the trust estate, individually or as beneficiary. As noted, the deed in-

volved was executed by Nellie T. Belton individually and not as trustee. If, as contended, she also executed it as trustee, the deed was invalid as both trustees must unite in any act to bind the trust property. (Civ. Code, §§ 860 and 2268; *Anthony v. Janssen,* 183 Cal. 329 [191 P. 538].) Furthermore, the deed involved was expressly executed "subject to the terms and conditions of the trust created by the will of Jesse O. Belton" and therefore was inoperative to convey title to the property contrary to the trust.

Appellant argues that the conveyance was authorized under the decision in *Sinclair* v. *Crabtree,* 211 Cal. 524 [296 P. 79]. In that case an assignment of an interest in the trust estate by the beneficiary was upheld. However, the beneficiary therein also was the owner of the future interest in the trust. This presented a factual situation not present in the instant case.

Appellant failed to allege or prove facts entitling her to damages which she seeks in the event that a community property interest cannot be conveyed to her.

The attempted appeal from the order (or motion) denying a new trial is dismissed. (*Pipoly* v. *Benson,* 20 Cal.2d 366, 368 [125 P.2d 482, 147 A.L.R. 515].)

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied February 16, 1954, and appellant's petition for a hearing by the Supreme Court was denied March 25, 1954.